1816.

EXECUTORS OF
GETMAN
v.
BEARDSLEY.

---

[*274]

## *EXECUTORS OF GETMAN *against* BEARDSLEY.

Where a bill is filed to correct an alleged mistake in a contract or agreement, the evidence of the mistake must be clear and certain. The bill, being filed solely to correct a mistake in the contract, will not be retained on the ground that there is money due on the contract from the defendant.

Costs in this Court are discretionary; and if executors, administrators, or heirs, bring groundless and vexatious suits, they will be ordered to pay costs.

*December 9th.* THE bill was filed to correct a mistake charged to have arisen in drawing an agreement between testator and defendant, respecting the payment of certain moneys by the defendant to *Dirick Van Schelluyne*, for and on behalf of the testator. The mistake charged was, that in the agreement that the defendant should pay to the said *Dirick* 3,000 dollars by such a day, and the further sum of 5,250 dollars, in two equal annual payments, the words *with the interest thereon*, &c., were omitted to be added to the last sum.

The mistake was denied in the answer, and proof taken on both sides.

Among other things in the answer, to show there was no such mistake, or, if any, that it was subsequently waived, the defendant stated that, a dispute arising between him and the testator on the subject of this mistake, he refused to make any payments to *Van Schelluyne*, unless he received an indemnity against any sum due to *Van Schelluyne* beyond the sums stipulated by his contract; and accordingly the testator procured a covenant, executed by *Nathan Christy*

216

and *Frederick Getman, jun.*, two of the present plaintiffs, by which they covenanted with the defendant, that after the payments by him to *Dirick Van Schelluyne* of the *sums mentioned in the contract* between the defendant and testator, of the 24th of *November*, 1809, to be *paid by the defendant to Van Schelluyne*, if any money *should still be due from the testator to *Van Schelluyne*, they would pay the same. *Frederick Getman, jun.* was a subscribing witness to the agreement between the testator and the defendant.

*Cady*, for the plaintiffs.

*Henry*, for the defendant.

THE CHANCELLOR. There is no clear and certain evidence of any such mistake as is charged in the bill. The weight of evidence is decidedly the other way. The bill must, accordingly, be dismissed. It cannot be retained on the ground that the instalments paid by the defendant to *Van Schelluyne*, were not paid at the times stipulated, and, therefore, intervening interest is due. The bill was brought to correct an alleged mistake, and nothing else, and if any such interest is due, (and the better opinion is that there is none,) the party's remedy was clear and perfect at law. The only difficulty in the case is, whether the bill shall be dismissed with or without costs.

Ordinarily, executors and other trustees do not pay costs, unless guilty of misbehavior, or some wilful default. They are not supposed to know, as plaintiffs, the imbecility of their own suit. This is the reason of the rule at law. (3 *Bos. & Pull.* 117, 118.) But in this Court, where costs are discretionary, the rule seems to depend more on the particular circumstances of each case. Where the heir brings, in that capacity, a groundless or vexatious suit, the Court will make him pay costs, though he may be, as heir, tenderly regarded by the Court. (3 *P. Wms.* 373. 2 *Atk.* 424. 3 *Bro.* 214.) In this case, the suit is substantially for the benefit of two of the executors, for they have covenanted to indemnify the defendant against any payments to *Van Schelluyne*, beyond the sums mentioned in the agreement; and in proportion as that agreement can be extended, the *extent of their covenant will be diminished. Nor can they be said to have brought the suit ignorant of the testator's rights. They knew of this controversy before his death; one of them was a witness to the instrument in dispute, and two of them had, in behalf of the testator, afterwards ratified and confirmed it, as it stood, and with an express view of closing the question.

[ * 276 ]

SHEPARD
v.
MERRILL.

Under these circumstances, I think the bill ought to be dismissed with costs, *de bonis testatoris, si non, de bonis propriis.* I have charged the costs on the assets, in the first place, because it appears that the testator had himself filed a bill on the same ground with the present one, and which was abated by his death.

Decree accordingly.