Ewell v. Greenwood.

## EWELL v. GREENWOOD.

2€ 377
.83  77
26 377
100 633

1. **Highway:** STATUTE OF LIMITATIONS: CASE FOLLOWED. The case of *Onstott* v. *Murray* (22 Iowa, 457), holding, that if the public, with the knowledge of the owner of the land, has claimed and continuously exercised the right of using the same as a public highway for a period equal to that fixed for the limitation of real actions, a complete right to the highway becomes established in the public, followed.

2. **Nuisance:** OBSTRUCTION OF HIGHWAY: INJUNCTION. A public nuisance, consisting in the obstruction of a public highway, may not only be abated and the offender punished under an indictment against him therefor, but equity will also redress the grievance by way of injunction upon the application of an individual who suffers an injury, distinct from the public, as a consequence of the wrongful act.

3. —— RIGHT OF ACTION. Any person whose property is injuriously affected, or whose personal enjoyment is lessened, by the erection of a nuisance, may, under our statute; maintain an action for the abatement of the nuisance and the recovery of special damages.

4. **Injunction:** BREACH OF CONTRACT. In an action for a breach of contract, the plaintiff may, in the same proceeding, under section 3798 of the Revision, have an injunction against the continuance of the breach which injuriously affects his property or rights.

*Appeal from Fremont District Court.*

THURSDAY, JANUARY 28.

IN EQUITY: INJUNCTION. — Demurrer to petition sustained and plaintiff appeals. The petition alleges, that plaintiff is the owner of two tracts of land, one in Sec. 36, T. 70, R. 43, the other in Sec. 6, T. 69, R. 42; that

defendant owns a tract in said section 36, adjoining and between plaintiff's tracts, and that on or about the month of May, 1853, there was a road traveled by the public from, etc., to plaintiff's mills, passing over and across defendant's land; that for the purpose of permanently establishing the road so traveled as a highway, plaintiff and defendant, in the spring of 1856, made an arrangement by which each, in writing, made a relinquishment of the right of way through his lands aforesaid (the instruments being set out which locate the line of the road and show it was to plaintiff's mill); that such relinquishment was returned to the County Court and placed of record in a book, used as a road record.

It is also averred, that the parties, acting upon said agreement, allowed the public to enter upon the lands so dedicated and relinquished for highway purposes; that the public did so use the same until the commission of the grievance, etc.; that plaintiff's land so dedicated, etc., remains open, and that said strip, so used and so relinquished, became, and was, and still is, a public highway.

In 1864, defendant commenced a series of acts upon the land so dedicated by him, calculated to obstruct said road, as by digging ditches, piling brush, etc., at divers times obstructing said road, in violation of his agreement, to the danger of all those having occasion to travel thereon, and with the malicious intention of injuring plaintiff and to deprive him of the free enjoyment of his property.

The petition then avers, that, in pursuance and in continuance of said design to maliciously injure, etc., defendant on, etc., willfully built a fence in two places across said road, upon the strip of land so by him relinquished; that these obstructions are continued, and amount to a public nuisance; that plaintiff suffers special

damage; that it renders so much of the road not obstructed, upon plaintiff's land, of but little value for road purposes, and of no value for other purposes; that being between his tracts of land to and from which he has frequent occasion to pass and repass, it causes delay and vexation, and is a continual annoyance to his enjoyment of his property; that he has occasion, by reason of his business, to make frequent trips with teams to and from the town of Sidney, and by these obstructions he is compelled to go by a longer and worse road; that he is compelled often to go around defendant's close, to get his stock to and from pasture; that he, is by reason, etc., compelled to go further and by a worse road to draw wood from his timber land; all to his especial injury, and to his damage, etc., which he asks to recover, etc. An injunction is also prayed to abate said nuisance, and perpetually enjoining defendant from obstructing in any way the said strip, etc.

*D. H. Solomon* and *W. W. Woods* for the appellant.

*E. H. Sears*, with *Withrow & Wright*, for the appellee.

WRIGHT, J. — In our opinion the demurrer was improperly sustained. That this was a public highway, by the use of it for that purpose for the time shown in the petition, saying nothing of the special dedication or relinquishment, under the doctrine of *Onstott* v. *Murray* (22 Iowa, 457), can hardly admit of doubt. As we are not disposed to depart from what is there ruled, this point in the present case is held against the appellee.

*1. HIGHWAY: statute of limitations:*

The other points raised by the demurrer may be briefly stated and as briefly decided. An indictment lies to abate a nuisance of this kind, and to punish the offender. Equity will also redress the grievance by way of injunction. Mr. Story

*2. NUISANCE: obstruction of highway: injunction.*

says, that injunctions in equity have been maintained against a public nuisance by stopping a highway. 2 Eq. Jur. § 923. And this because courts of equity are able to give a more complete and perfect remedy than is attainable at law; and the remedy obtains, of course, in cases of private nuisance. If the individual suffers an injury distinct from the public, as a consequence of a public nuisance, he is unquestionably entitled to an injunction and relief in equity. Id. 924, note 2; Edw. Inj. Ch., 11, and especially pp. 259, notes 1, 2; 260, note 1; 261, note 2; *State* v. *Mayn*, 5 Port. 279; *City of Georgetown* v. *Canal Co.*, 12 Pet. 98.

Our statute is, that whatever is injurious to health, or indecent or offensive to the senses, or an obstruction to 3. —— right of the free use of property, so as to essentially action. interfere with the comfortable enjoyment of life or property is a nuisance, and the subject of an action; and that such action may be brought by one whose property is injuriously affected, or whose personal enjoyment is lessened by such nuisance. Rev. §§ 3713, 3714. And if a proper case is made, it may be enjoined or abated. § 3715. With these provisions for our guide there can remain no question. That the petition makes a proper case, we entertain no doubt. If its allegations are true, then certainly the defendant's acts do obstruct plaintiff's free use of his property, " and to such an extent as essentially to interfere with its comfortable enjoyment." If they are true, then his property is injuriously affected by the alleged nuisance. Suppose every morning he should find a fence across a public highway leading to his mill, placed there by defendant, with the malicious design of injuring plaintiff, would any one doubt his right to this remedy? Certainly not, and yet that would scarcely be a more patent flagrant case than the one before us.

Not only so, but if the case stood alone upon the

alleged agreement between the parties under which this

**4. INJUNCTION: breach of contract.** way was opened, the plaintiff would, under section 3798 of the Revision, be entitled to this remedy to prevent a continuance of the alleged breach of the contract on the defendant's part. The injunction may be granted before the case is finally determined. Before the order to abate is entered, of course the other party should be heard, and this is all that the cases cited by appellee (*Van Burgen* v. *Sower*, 2 Johns. Ch. 273; *Gardner* v. *The Trustees*, id. 162) teach. They certainly contain no contrary doctrine. And that it may issue to stay an injury, if not to pull down and destroy, preliminarily, is well shown by our statute to which we have above referred.

Reversed and remanded with leave to answer over.

Reversed.