## J. WARREN ESTES *versus* INHABITANTS OF CHINA.

No action can be maintained against a town for neglecting to repair a drain across its highways, *per quod* the water accustomed to flow through it was forced back upon the adjoining land, unless it appears that an obligation to construct the drain was imposed on the town by the statute or common law.

The common law requires a town to build a drain only where its highway would otherwise obstruct the flow of water in its natural channel, or cause it to collect and stand upon adjoining land to the injury of the owner.

To sustain an action against a town, founded on R. S., c. 116, §§ 4 and 9, for damages caused by the want of repair of a drain made since the Revised Statutes went into effect, it must be affirmatively alleged and proved, — that the municipal officers constructed the drain; that the plaintiff, or his predecessor in title, made written application to the municipal officers to enter and connect with it; and that the municipal officers gave the applicant written permit so to do.

Unless the permit be in writing, it will not run with the land.

ON EXCEPTIONS.

CASE, to recover damages suffered by the plaintiff in his

land, cellar, &c., in consequence of want of repair of a drain across certain highways in the defendant town.

The declaration contained two counts, one alleging substantially that the plaintiff was, long before Nov. 1866, ever since has been, and now is, possessed of a certain piece of land, with a store and dwellinghouse thereon, situated in China, and bounded on two highways as herein described; that the inhabitants of China, in 185– constructed a good and sufficient drain across said highways and in front of and near the plaintiff's store and house, and thereupon became bound by law to keep the same in good repair so as to afford suitable and sufficient flow for all drainage that ought to pass through it; that they so negligently maintained said drain, that in Nov., 1866, it was, ever since has been, and now is, so out of repair as to be useless for the purpose of drainage; that by reason thereof the large quantity of water accustomed to flow through and be discharged from the drain was checked and forced back upon the plaintiff's land, and into his cellar, and undermined his cellar wall and chimneys, of all which the defendants had notice.

The second count contained the same allegations as the former, down to and including the allegation of the construction of the drain, when it alleged, substantially, that the defendants, for a valuable consideration, permitted the plaintiff's grantor to connect with said public drain, a private drain, leading from the cellar of said store and dwellinghouse; that the said grantor paid the consideration, connected said private drain with the public drain; that thereupon the defendants became bound to maintain said public drain so as to afford sufficient flow for all drainage entitled to pass through it; that, in Nov., 1866, it was, ever since has been, and now is, so out of repair as to be useless for drainage; that, by reason thereof, the water accustomed to pass through was forced back upon plaintiff's land, flowed into his cellar, undermined his wall, chimneys and cistern and inundated his furnace, &c., of all which the defendants had notice, &c.

To the declaration the defendants demurred, and the plaintiff joined the demurrer. The presiding Judge overruled the demurrer and adjudged the declaration good, and the defendants alleged exceptions.

*A. Libbey*, for the defendants.

*W. P. Whitehouse*, for the plaintiff, contended that the first count was good at common law, citing *Thayer* v. *Boston*, 19 Pick., 511; *Green* v. *Portland*, 32 Maine, 433; *Peck* v. *Ellsworth*, 36 Maine, 398; Angell on Highways, (ed. 1857,) § 221; *Stone* v. *Augusta*, 46 Maine, 136.

The adjudication on the necessity of the drain is *quasi* judicial and final; but when the discretion has been exercised and the drain built, the duty of repairing is ministerial, and, hence, is imperative and absolute. *Mayor of N. Y.* v. *Furze*, 3 Hill, 612; *Wilson* v. *Mayor of N. Y.*, 1 Denio, 595; *Child* v. *City of Boston*, 4 Allen, 41; *Eastman* v. *Meredith*, 36 N. H., 284; *Montgomery* v. *Gilmer*, 33 Ala., 116.

If the drain had never been built, or, being built, had been kept in repair, the injuries would not have occurred.

No one could repair but defendants, and they are liable for not doing it. *Henley* v. *Mayor of Lyme Regis*, 1 Bing., 222; R. S., c. 16, § 2, similar to N. Y., and to ordinance of city of Boston, referred to in *Child* v. *Boston, ubi supra.*

The declaration need not allege that a written application was made. The town officers are presumed to have imposed all the statute conditions.

Danforth, J. — This action is founded upon an alleged neglect on the part of the defendants to keep in repair a drain, which they had previously built across a highway; and the only question submitted, is whether the facts set out in either count in the writ are sufficient to maintain the suit.

In this case there can be no actionable neglect unless we first find an obligation to repair, and this obligation depends

upon the prior one to build. An examination of the cases cited by the plaintiff will show that in every one there was an obligation to build the drain, imposed by the principles of the common law, or by statute. In the case of statute drains, the obligation to build is imposed by the proper and constituted tribunal in the exercise of judicial authority, while the duty to construct and keep in repair is a ministerial duty. At common law, the duty to build drains can only be imposed by the fact that the highway would otherwise obstruct the flow of water in its natural channel, or cause it to collect and remain upon land to the injury of the owner.

In this case we find no allegations of the original necessity of the drain. It does not appear that the road was any obstruction to water accustomed to flow there, or caused the water to collect or stand there in any manner different from what it had previously done. There is no allegation inconsistent with the fact that the town, without any obligation whatever, had constructed the drain for the accommodation of the plaintiff, and that he availed himself of the convenience thus afforded to drain his land. Neither does it appear that the plaintiff is in any worse situation than if the drain had not been built. In this state of facts, there can be no reason why the town may not abandon it whenever it chooses. The first count shows no cause of action.

The second count is founded upon the R. S., c. 16, §§ 4 and 9, and would seem to be equally defective with the first. The allegation here is that the inhabitants of the town caused the drain to be constructed. The statute, § 2 as amended in 1860, c. 153, provides that the municipal officers may construct public drains where they shall deem it necessary for public convenience or health; thus requiring the exercise of judicial discretion and judgment on the part, not of the town or its inhabitants, but of those particular officers. True, it does not appear that this drain was not constructed before the passage of the Revised Statutes. But, if it were so, then the Act of 1844, c. 94, was in force, which still more clearly requires the same discretion and judgment.

Again, by the statute, § 4, application to enter and connect is to be made to and the permit given by the municipal officers. It does not appear that any application was made, and it is alleged that the permit was given by the inhabitants. The statute further requires that both the permit and application shall be in writing, and it does not appear that either of them were so. This differs from those cases where it has been held unnecessary, in an action upon a contract within the statute of frauds, to allege the promise in writing. In such a case, the promise, though not in writing, is not illegal, and the defendant waives the statute unless he sets it up in his pleadings. *Lawrence* v. *Chase*, 54 Maine, 199.

This is an action sounding in tort, and the defendants cannot be found guilty, until all the facts necessary to constitute their guilt have been affirmatively alleged and proved.

In this case, the permit was given to the plaintiff's grantor, and, unless in writing, does not run with the land. It clearly follows that these defendants cannot, under the statute, be liable to this plaintiff, unless the application and permit are in writing, and the application, as required by the statute, and for obvious reasons, must "distinctly describe the land to which it applies." *Exceptions sustained.*

APPLETON, C. J., KENT, WALTON and BARROWS, JJ., concurred.

TAPLEY, J., concurred in the result.