FULLER v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Nuisance:** ACTION FOR DAMAGES: ORDER FOR ABATEMENT. This was an action for damages caused by the unauthorized and negligent construction of a side track, whereby plaintiff was injured in his property, and for a writ of *mandamus* to compel the removal of the track. After rendition of judgment for plaintiff, he moved the court for an order for the removal of the side track, which order was refused. *Held* that, since, under the instructions of the court, the jury must have found a verdict for plaintiff, not for damages occasioned by the existence of the side track, but for damages arising from defective waterways connected therewith, such verdict did not amount to a finding that the side track was a continuing nuisance at the time of the trial; and this court cannot, without the evidence on which the court below acted, determine that it erred in overruling the motion for an order to remove the track.

*Appeal from Polk Circuit Court.*

WEDNESDAY, JUNE 6.

THE plaintiff in his petition alleges in substance that the City of Des Moines passed an ordinance authorizing the defendant to construct and operate its road along Vine street in said city, subject to the condition that the track should be constructed as nearly as practicable upon the middle line of said street, and so as to leave at least eight feet on each side of said street, between the track and sidewalks; that in 1866 the defendant built its road pursuant to said ordinance, and so operated it until 1870, when the defendant wrongfully, carelessly, negligently, and unlawfully constructed its track upon the sidewalk in said street, in front of the plaintiff's property, damaging it to the extent of $5,000. The plaintiff prays judgment for $5,000, and asks an order of *mandamus* to compel the defendant to remove said side track. The defendant for answer, amongst other things, alleges that the city of Des Moines, on the second day of May, 1870, by resolution, authorized and permitted Messrs. Getchell & Tichenor, Tuttle Bros. & Robertson, R. W. Sypher, and

others, to lay down and operate a side track on the sidewalk, on the north side of Vine street, provided they put in and keep in repair the necessary culverts and crossings, and guarantee that no damage shall accrue to private property, and that, pursuant to this authority, the defendant was employed to and did lay a side track upon said sidewalk, and has operated the same hitherto at the request and for the convenience of said persons and others.   The cause was tried to a jury, which, on the twelfth day of January, 1882, returned a verdict for plaintiff for $1,200.   On the fourteenth day of January, 1882, the plaintiff entered his remittitur in the sum of $600, and the court rendered judgment against the defendant for $600.   On January 24, 1882, the plaintiff filed his motion for an order for the removal of the side track, culvert, etc.   The court overruled the motion, and from this ruling the plaintiff appealed.

*Cole & Cole*, for appellant.

*Wright, Cummins & Wright*, for appellee.

DAY, Ch. J.—Section 3331 of the Code provides: "Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and a civil action by ordinary proceedings may be brought thereon by any person injured thereby; in which action the nuisance may be enjoined or abated, and damages also recovered therefor."   Section 4093 of the Code provides: "When upon indictment, complaint, or action, any person is adjudged guilty of a nuisance, the court before whom such conviction is had may, in addition to the fine imposed, if any, or to the judgment for damages or cost for which a separate execution may issue, order that such nuisance be abated or removed at the expense of the defendant, and, after inquiry into and estimating as nearly as may

be the sum necessary to defray the expenses of such abatement, the court may issue a warrant therefor."

The evidence upon which the case was tried is not contained in the abstract. The motion for order of removal is based simply upon the facts alleged in the petition. It seems to be assumed by appellant that the verdict in favor of plaintiff is conclusive of the fact that the side track was a nuisance, or, at least, is conclusive of enough of the facts alleged in the petition to show that the side track was a nuisance. It is apparent, we think, however, that the verdict for the plaintiff does not necessarily determine that the side track was a nuisance at the time of the trial. The court instructed the jury upon the trial as follows: "You are instructed as a matter of law that the defendant did have lawful authority to properly construct the side track referred to in the pleadings and evidence at the time and place it is alleged and admitted to have been constructed; and, having such lawful authority, it is not liable to plaintiff for any damages that he may have received by reason of the proper construction thereof. The defendant was bound to exercise ordinary care and prudence in the building of said track, and is liable for any damage resulting from a want of such care and prudence. You will observe that it is only for damages resulting from the negligent exercise of the right that defendant had to build the track that plaintiff can recover. As there is no evidence tending to show negligence in constructing the track, except as to the water-ways, you are only called upon to inquire whether there was negligence in that particular, and, if so, what damage plaintiff sustained within the five years named, as the direct result thereof."

Now it is evident that, under these instructions, the jury may have found that, at some time during the period covered by the petition, the water-ways were in such condition as to occasion the plaintiff damage, for which he might recover, without finding that, at the time of the trial, they were in such condition as to constitute a nuisance. It follows that

the verdict for plaintiff does not necessarily involve a finding that the side track was a nuisance at the time of the trial.

It is insisted, however, that the resolution authorizing Getchell and others to construct a side track, under which the defendant claims to have acted, was a mere personal license to the individuals named, and that it was not assignable or transferable to the defendant, and that the defendant cannot claim any rights thereunder. Suppose this should be conceded. The fact still remains that, under the instructions, the jury could not have awarded any damages for the mere construction of the side track, but must have based their verdict upon the negligent construction of the water-ways. The verdict does not therefore involve a finding that the side track, in itself, interfered with the comfortable enjoyment of the plaintiff's property. This must appear before he can have it abated in a private action. Code, section 3331; *Ewell v. Greenwood*, 26 Iowa, 377. In our opinion we cannot, without the evidence on which the court below acted, determine that it erred in overruling the motion to remove the side track.

AFFIRMED.