Filed December 21, 1892.

---

No. 15,999.

## HARLAN v. LOGANSPORT NATURAL GAS COMPANY.

CONVEYANCE.—*Right of Way.*—*Natural Gas Line.*—*Effect of Instrument.*— *Attempt to Release.*—*Effect.*—Where A. granted to B. a right of way through his land to lay a natural gas pipe-line, and the writing is signed by the grantor alone, which is accepted by the grantee, and the written instrument is duly recorded in the proper county, the instrument is a contract entered into by both the parties, and can not be annulled by one of them only; and where the grantee afterwards executes a writing

by way of cancellation of the former instrument, and has it entered of record upon the margin of the record of the first-named instrument, it can not, so far as it concerns the rights of the grantor, have any effect. For contract, see opinion.

SAME.—*Lease.*—*Gas Pipe-Line.*—*Benefit to Grantor Dependent Upon Grantee's Action.*—*Mistake of Grantee.*—*Line Laid Wholly Without Grantor's Land.*—*Effect on Rights.*—Where A. grants to B. a right of way to lay a natural gas pipe-line, and the lease grants to A., in consideration of said right of way, the free use of gas from said pipes when laid, and certain other rights, said grantor of the right of way has no rights under the lease until the grantee has occupied said right of way, and the grantee can not be bound to use the right of way in a definite time, under penalty, unless so specified in the lease; and where the grantee of the right of way, by mistake, placed said pipe-line entirely off the grantor's land, and believing they were in said right of way, permitted the grantor to make connection and use the gas, such acts did not estop the grantee, nor secure any additional rights to the grantor.

From the Clinton Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge, B. C. Moon, C. G. Guenther* and *S. O. Bayless,* for appellant.

*J. C. Nelson* and *Q. Myers,* for appellee.

HOWARD, J.—This is a controversy concerning a right of way. Appellee is engaged in the distribution and sale of natural gas for heating purposes in the city of Logansport, and owns a pipe-line extending to Logansport from the gas fields near the city of Kokomo. Appellant is the owner of a farm, described in the complaint, lying along the east side of and near to appellee's pipe-line. Appellee had a contract with a company known as the Indiana Piping and Construction Company to put in appellee's plant. The Construction Company also obtained the right of way for the laying of the pipe, making out the leases, however, in the name of appellee and on printed blanks in which the name of appellee was printed as lessee or grantee. The Construction Company afterward turned over all property and rights to appellee, including such grants of right of way. On November 2, 1888, appellant

so executed to appellee the following grant of right of way:

"For and in consideration of one dollar to me in hand paid, the receipt of which is hereby acknowledged, and the payment of the further sum of —— dollars when said grant shall be used or occupied, —— do hereby grant and consent to the Logansport Natural Gas Company, its successors and assigns, the privilege and right of way to lay, maintain, repair and remove pipe-lines, and operate the same over and along the road or highway in Center township, county of Howard and State of Indiana, bounded and described as follows: The undersigned grants to said gas company a privilege to run a gas main-line along the west side of his farm, on or near the west line; same to be buried two feet below the surface, and not disturb open or tile ditches. Said gas company agrees to furnish the undersigned first-class one-inch pipe, not to exceed 210 rods at cost of same at wholesale prices, and two governors at cost of same at wholesale prices, and two governors at cost of same as gas companies use for domestic purposes, and on lines where main is of size used by grantor, with right of ingress and egress to and from the same. The Logansport Natural Gas Company hereby agrees to pay any damages which may arise from the laying, maintaining or operating of said pipe-lines. Said gas company agrees to make attachments on said premises for the undersigned, and give free gas for two dwellings on said premises so long as this grant remains in force; the undersigned to keep his line in good repair.

"In witness whereof, the parties have hereunto set their hands and seals this 2d day of November, 1888.

"HARRISON HARLAN. [SEAL.]"

The contract so made was duly acknowledged by appellant as grantor, accepted by appellee and placed on record in the recorder's office of Howard county. It appears from the complaint, and this is not disputed, that appellee "did

lay a pipe-line along said highway and along the west side of the plaintiff's (appellant's) said farm and near to the west side of his farm, but said pipe-line was laid about eight feet west of the line of plaintiff's farm and does not touch plaintiff's land at any point." · It also appears that appellant put in the necessary pipes and fixtures to convey the gas from appellee's pipe-line to and into appellant's two houses on said land. On the 11th of February, 1889, appellant began to use the gas from appellee's pipe line, and so continued to use it until the 2d day of October, 1889, when appellee cut off the supply. On the 23d of September previous, appellee had executed and placed on record in the recorder's office, upon the margin of the record of the lease or contract hereinbefore set out, a writing purporting to surrender and cancel said lease, which writing is as follows:

"The Logansport Natural Gas Company, the lessee in the within instrument, hereby and now elects to surrender all rights hereunder, and cancel this lease and contract, and this lease and contract is hereby canceled, and all rights under it surrendered, this 23d day of September, 1889.

"THE LOGANSPORT NATURAL GAS COMPANY.

"Per A. P. JENKS, Secretary."

On the 5th day of October, 1889, appellant filed his complaint in the Howard Circuit Court against appellee, alleg- . ing the facts hereinbefore stated, and making other allegations, and asked the court for a decree "establishing the validity of said contract and its binding force upon the defendant (appellee), and that the defendant be required to furnish gas free for the use of two houses on the plaintiff's said land, and that the plaintiff be adjudged to have a right in the nature of an· easement in said pipe-line, and the gas therein to that extent, and that the plaintiff's said right be quieted; that he recover five hundred dollars damages, and that he have all proper relief." Appellee demurred to the complaint for want of sufficient facts.

The demurrer was overruled, and the defendant excepted. Defendant then answered in six paragraphs:

*First.* The general denial.

*Second.* Admitting the laying of the pipe line, but denying that any part of the line touched upon appellant's land; also, admitting the contract, but pleading the release of all rights under it, and claiming want of consideration.

*Third.* Admitting the execution and delivery of the contract, but denying the laying of the pipe line over appellant's land; denying authority or consent to the connection of appellant's pipe with appellee's line, and claiming want of consideration.

*Fourth.* Claiming want of consideration.

*Fifth.* Denying authority to connect appellant's line with appellee's gas main; alleging notification to appellant that unless he would pay for gas consumed appellee would disconnect appellant's pipe; admitting that on the refusal of appellant to pay, appellee did discontinue to supply gas to appellant, and alleging willingness to supply gas on receiving payment.

*Sixth.* Admitting the laying of the pipe line, but denying that any part of the line is upon appellant's land; admitting that appellant, without objection from appellee, made connection with appellee's gas pipe-line, but denying that gas was to be furnished free; alleging notice to pay, refusal on the part of the appellant, the consequent cutting off of gas, and willingness still to supply gas for pay.

Appellant demurred to the second, third, fifth and sixth paragraphs of answer for want of sufficient facts. The demurrer was sustained, and appellee excepted. Thereupon the venue was changed to the Clinton Circuit Court, where there was a trial by the court on the issues joined, a finding for the appellee, and a judgment against appellant for costs. The appellant moved for a new trial for the reasons:

*First.* That the finding is not sustained by the evidence.

*Second.* That it is contrary to the evidence.

*Third.* That it is contrary to law.

*Fourth.* That the court erred in receiving oral testimony as to the arrangement between appellee and the Construction Company.

The motion for a new trial was overruled, and this appeal followed. The only error assigned by appellant is the overruling of the motion for a new trial.

Appellee assigns as cross-errors: The overruling of appellee's demurrer to the complaint, and the sustaining of appellant's demurrer to the second, third, fifth and sixth paragraphs of the answer.

The decision of the case depends on the construction to be given to the contract between the parties. We are furnished with very full briefs in the case, including reply brief from each of the parties.

Appellee, both in the original brief and in the reply, seems to question whether the instrument of writing sued on is, in fact, a lease or contract, intimating that it is a mere license, which appellee might refuse or accept at pleasure, and contends that, as such, it might be annulled and canceled of record by the sole act of appellee. Following the rule, however, laid down in *Midland .R. W. Co.* v. *Fisher,* 125 Ind. 19, and authorities there cited, there can be no doubt that the acceptance by appellee of the grant of right of way, signed only by appellant, makes it a written contract binding upon appellee according to its terms, and suit can be instituted upon such contract, and the same rights maintained, as though it were also signed by appellee. It is a contract entered into by both parties and can not be annulled by one of them only. Whether the writing made by appellee by way of cancellation, and entered upon the margin of the record of said contract, in the recorder's office in Howard county, might operate by way of estoppel against appellee in case appellee should at

Harlan v. Logansport Natural Gas Company.

any time, against the wishes of appellant, desire to use and occupy the right of way granted under the contract, we need not inquire, but, at least so far as concerns the rights of appellant himself, the attempted cancellation must be treated as a nullity.

But appellant earnestly contends that if the appellee could not make a surrender and cancellation of this agreement or lease, then the judgment must be reversed. This, however, does not follow. It is true that the lease is binding upon both parties, but only according to its own terms; and as the lease itself provides that appellant shall be entitled to free gas and other property and rights named, only when appellee elects to use the right of way, it follows that appellant must await the action of appellee before any right can accrue to appellant under the lease. If it were desired to bind appellee to use the right of way within any definite time under penalty, it should be so stated in the lease. We do not understand that appellant insists upon an estoppel by reason of appellee's agent having consented that appellant's pipe should be connected with appellee's line and the gas turned on. The finding of the court below sustains appellee's contention on this point, and there is evidence in favor of the court's finding. Indeed, the evidence goes further than this and shows clearly that at the time appellant made the connection and turned on the gas, he knew that appellee's pipe was not at any place on appellant's land, while appellee was in ignorance of this fact, and that as soon as appellee learned that gas was being used contrary to the terms of the contract, steps were at once taken to either secure compensation for the gas or to shut it off. Nor do we think an examination of the evidence discloses any authority on the part of appellee's agent to bind his principal to give appellant free gas without consideration. There was a contract between appellant and appellee, and the agent, without additional authority, which we think is not shown, could

not act outside the terms of the contract. Neither could appellee's attempt to cancel the lease add anything to the rights of appellant under the lease.

Appellant strenuously insists that his view of this question is sustained by the cases of *Wills* v. *Manufacturers' Natural Gas Co.*, 5 Law Rep. Ann. 603, (Pa. St.); *Westmoreland, etc., Co.* v. *De Witt*, 5 Law Rep. Ann. 731, (Pa. St.), and particularly by *Evans* v. *Consumers' Gas Trust Co.* (recently decided by this court), 29 N. E. Rep. 398. These cases are, however, essentially different from that now before the court. In the first of the Pennsylvania cases, *supra*, the lessor had bound the lessee to commence to sink a well for oil or gas within a specified time, to prosecute the work actively to completion, and, failing in this, to forfeit a certain sum to lessor. In the case before us the lessee was bound to make certain compensation only when the right of way was used and occupied.

The second Pennsylvania case is still less in point. In that case the lessor had entered upon and used the leased premises, and the question was whether the lease should be forfeited for failure to pay part of the rent due. In *Evans* v. *Consumers' Gas Trust Co.*, *supra*, the contract between the parties, after providing for the lease of certain gas lands for certain named compensation, provides further that "in case of failure to complete such well within such time the parties of the second part agree to pay to the parties of the first part for such delay a yearly rental of two hundred and fifty dollars —— until such well shall be completed;" and a failure to complete such well or to make such payment should render the lease null and void.

This court rightly held that these provisions of the lease were enforceable at the option of the lessor. The lease now under consideration contains no such provisions. On the contrary, a fair interpretation of the terms of the lease shows that no right of action under it has accrued to the appellant. Appellee has not used or occupied the right

of way, and the lease does not bind him to use or occupy it. The motion for a new trial was properly overruled. As the judgment must be affirmed, it is unnecessary to rule upon the cross-errors.

Judgment affirmed.

Filed January 6, 1893.