JAMES COSTELLO v. DANIEL POMEROY, Appellant.

**Daries:** NUISANCE: ABATEMENT. The fact that township trustees contribute to the expense of constructing a drain to carry the water from the land of one onto that of another will not remove a liability for damage caused thereby; and a tile drain is not a permanent structure, the maintenance and use of which may not be enjoined at the suit of the party injured.

| 120 | 213 |
| o123 | 334 |

| 120 | 213 |
| 124. | 316 |

| 120 | 213 |
| 129 | 477 |

| 120 | 213 |
| 131 | 122 |

*Appeal from Dallas District Court.*—HON. A. W. WILKINSON, Judge.

SATURDAY, APRIL 11, 1903.

THE plaintiff is owner of the S. E. ¼ section 6, township 80, range 26, and the defendant is owner of the E. ½ of S. W. ¼ of the same section. There was a pond at about the center of the south line of defendant's land, covering about two acres of ground, including a portion of the highway, which run in an easterly and westerly direction. This rendered some three to five acres of defendant's land wet and unfit for cultivation, and nearly twenty acres of Royers' land, lying to the south. To the northeast, and about five rods east of the boundary line between the farms, and wholly included in that of plaintiff, is a pond covering a somewhat larger area, and a like one to the north flowing into it. The general drainage of all this land is northeasterly, and from the second pond mentioned is a ditch across plaintiff's land in that direction. In 1892, the defendant put in a six-inch tile drain from the pond first mentioned to the second one, and allowed Royers to connect therewith a four-inch drain extending seventy rods to the south, with collateral branches. Royers and the township trustees shared in the expense of the tiling placed by defendant. As a result, the first pond was dried up, and considerably more water thrown on plaintiff's land than had been before, to its appreciable damage. In this action, begun July 7, 1900, the plaintiff asked that the defendant be restrained from maintaining the drain, and discharging it on his land. The relief prayed was granted, and defendant directed to remove the tiling from plaintiff's land, and so close the drain at the boundary between the farms as to prevent the discharge of water therefrom. The defendant appeals.—*Affirmed.*

*Cardell, Giddings & Winegar* for appellant.

*White & Clark* for appellee.

LADD, J.—A careful reading of the record has convinced us that the construction of the drain increased the flow of

water upon plaintiff's land to his damage, and that his grantor did not assent thereto.   The fact that township trustees shared in the expense could in no way relieve defendant from liability for running the drain from his land upon that of plaintiff.   But the defendant pleaded that the drain was a permanent structure, and that all the damages to the land of plaintiff accrued at the time of its construction and before he acquired it.   *Powers v. City of Council Bluffs,* 45 Iowa, 652; *Peden v. Ry. Co.,* 73 Iowa, 333; and similar decisions, are relied on.   In the recent case of *Pettit v. Incorporated Town of Grand Junction,* 119 Iowa, 352, former decisions were reviewed, and a conclusion reached against extending their doctrine so as to include "structures not ordinarily regarded as permanent in location or character."   It was also pointed out that the wrong in them considered did not consist in the creation of a nuisance where the party had no right to be, but in negligently making an improvement where he had a right to construct it.   We do not regard the ordinary tile drain as of the permanent character contemplated in these cases.   It may be readily removed, and for its continued efficiency repairing and cleaning may be required.   This one was placed on plaintiff's land without right, and ought to be treated as a continuing, rather than a permanent nuisance.—AFFIRMED.