ELIZABETH JONES, Appellant, v. SOPHIA STOVER and JACOB STOVER, Appellees.

131  113
d140  575
140   72

**Drains:** DAMAGE: LIMITATION OF ACTION. An ordinary tile drain is
1 not of a permanent character, and the statute of limitations does not apply as to damages resulting therefrom, during the five years preceding an action therefor.

**License to drain land:** REVOCATION. A license to drain water onto
2 the land of another, which was without consideration, creates

no interest in the real estate, but is a personal privilege which may be revoked at pleasure.

**Agreement for drains:** STATUTE OF FRAUDS. An agreement to permit one to drain water onto the land of another, if creating an interest in land, is within the statute of frauds; and where there was neither consideration therefor nor possession of the land it cannot be proven by parol.

**Prescription.** Where the use of land of another for drainage purposes is permissive and not adverse no prescriptive right can be acquired.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

WEDNESDAY, JUNE 13, 1906.

SUIT in equity to enjoin defendants from casting water through a tile drain upon plaintiff's land, to require them to take up and remove the tile and fill the ditch, and for damages. Upon issues tendered by defendants to which we shall presently refer the case was tried to the court, resulting in a decree dismissing plaintiff's petition, and she appeals.— *Reversed* and *remanded.*

*John J. Ney,* for appellant.

No appearance for appellees.

DEEMER, J.— Plaintiff and defendants are owners of adjacent tracts of land; plaintiff obtaining her title through one Fisher, and defendants theirs from one Jeremiah Stover. Plaintiff claims that defendants gathered the water upon their premises and conveyed the same through a tile ditch or drain away and out from its natural course and emptied it upon her land, causing her great damage. Defendants say that their grantors, by an agreement with Fisher, constructed the tile drain in question from the northeast to the southwest of their land, to a place where an open ditch on Fisher's land began, upon Fisher's promise that he would put

in a three-inch drain tile connecting with that built by Stover, so as to carry the water therefrom down into a creek or water course on his (Fisher's) land, so that the water on Stover's land might get into the said creek or water course; that this agreement was made and the tile put in by defendants' grantor more than twenty years ago, and that it has ever since drained a pond, slough, or wet place on defendants' land. Plaintiff denied the alleged agreement, pleaded the statute of frauds; and that the alleged agreement was nothing more than a parol license, without any consideration to sustain it.

The evidence shows that the pond spoken of is in the southwest corner of defendants' land, thirty rods from the south line and four or five from the west one. This pond covers three or four acres, and is two or three feet deep in the middle. About the year 1880 defendants' grantor constructed a tile drain, which ran northerly from the pond for some distance, and then turned directly west toward the land now owned by plaintiff, terminating in a hole dug on defendants' land some four feet east of the division line between the two tracts of land. Water from the pond was thus discharged into the hole, which, when the hole was filled, spread out over the land now owned by plaintiff to the westward, and found its way into a creek, still westward, which flowed through plaintiff's land. Plaintiff's land naturally slopes to the west, but there was no natural channel thereon draining the pond, save as the pond overflowed and spread its waters to the north and west. The tile at some places was two feet and more below the surface of the ground, and there is no claim that it follows a ditch, swale, or other natural depression of the ground.

That it collects and discharges water upon plaintiff's land in a manner different from the way nature took care of it is conceded. The alleged agreement pleaded by defendants is not established; nor is there any testimony showing a license to flood plaintiff's

1. DRAINS: damages: limitation of actions.

land. Defendants' defense, if they have any, is acquiescence upon the part of plaintiff or her grantors for ten or more years and the statute of limitations. That the statute of limitations, as applied to plaintiff's claim for damages suffered within five years, does not bar it, see *Costello v. Pomeroy*, 120 Iowa, 213; *Pettit v. Grand Junction*, 119 Iowa, 352; *Vogt v. Grinnell*, 123 Iowa, 332; *Geneser v. Healy*, 124 Iowa, 310. The only plea of acquiescence found in defendants' answer reads as follows: " That afterwards, about twenty-two (22) years ago, Stover put in said tile drain with the consent of Fisher; that there was a pond or wet place on the land of the said Jeremiah Stover, which was drained by said tile; and that said pond, slough, or wet place on the land of Jeremiah Stover was drained by a two-inch tile drain, put in at great expense to wit, about one hundred ($100.00) dollars." It is doubtful if this raises that issue. If it does it is by the merest inference. More likely the thought of the pleader was that he was stating facts amounting to a parol license, or perhaps to an agreement running with the land.

The license given in this case, even if shown, was not upon a valuable consideration, and hence was revocable at the pleasure of the licensor. *Cronkhite v. Cronkhite*, 94 N. Y. 323; *Clark v. Close*, 43 Iowa, 92. The so-called license was in parol, and was not based upon any consideration passing to Fisher. The benefit was to plaintiff's grantor, and not to Stover. Moreover, the license was a personal privilege to Stover, was not assignable, and did not pass with the land. *Fischer v. Johnson*, 106 Iowa, 181. The license in this case did not create an interest in land, and did not run with the land. *Estes v. China*, 56 Me. 407; *Woodward v. Seely*, 11 Ill. 157 (50 Am. Dec. 445); *Buck v. Foster*, 147 Ind. 530 (46 N. E. 920, 62 Am. St. Rep. 427); *Foot v. Northampton Co.*, 23 Conn. 228; *Taylor v. Gerrish*, 59 N. H. 569; *Pifer v. Brown*, 43 W. Va. 412 (27 S. E. 399, 49 L. R. A. 497).

2. License to drain land: revocation.

If anything more than a revocable license was created, it was an easement or interest in land, which would be within the statute of frauds; and, as the Stovers did not 3. AGREEMENT FOR DRAINS: statute of frauds. pay any consideration therefor, and did not take possession of any part of plaintiff's land thereunder, it cannot be proved by parol.

We doubt if acquiescence is pleaded; but, if so, the evidence is not sufficient to establish a prescriptive right, for the use of plaintiff's premises was permissive and not adverse. 4. PRESCRIPTION. The trial court filed no opinion, and appellee is not represented by counsel, so that we do not know the ground of the decision below. Plaintiff's counsel say that it was based upon the proposition that the nuisance was a permanent one, damages for which accrued when the drain was first put in, and that plaintiff's action is barred. This statement is not challenged, and, if true, it is manifest from the decisions cited that this view is erroneous. We have been unable to discover any just ground for the decision; but, instead of ordering a decree here, we have concluded to remand the case for one in harmony with this opinion.— *Reversed* and *remanded*.