H. H. Robinson, Appellant, v. Sidney Luther, Appellee.

**Drainage:** CONTRACT FOR CONSTRUCTION: RIGHTS ACQUIRED. Where the right to construct a drain rests upon a contract made for a valuable consideration, and there has been an expenditure of labor or money in its construction in reliance thereon, the right thus acquired is more than a mere license and cannot be revoked at pleasure.

**Same:** BREACH OF CONTRACT: ACTION FOR DAMAGES: STATUTE OF FRAUDS: PLEADING. Conceding that the statute of frauds is applicable to an oral contract for the construction of a drain, because creating an interest in real property, still part performance with the knowledge and consent of the other party will render the plea of the statute unavailing; but a petition in an action for damages for refusal to perform the contract, which fails to allege that the partial performance was with such knowledge and consent, is demurrable for that reason.

**Same.** The allegation in a petition for damages because of defend-
ants refusal to perform a contract for the construction of a
drain, that a prior open ditch maintained by agreement of the
parties grantors had served to drain plaintiffs land until defend-
ant permitted it to become filled up, did not aid plaintiff's cause
of action where there was no showing that the new agreement
was made in consideration of the abandonment of the old ditch,
or in settlement of any claim for its obstruction.

**Same: ORAL AGREEMENT: ENFORCEMENT.** An oral agreement to construct
and maintain a ditch over the land of both parties for their
mutual benefit, when executed, is enforceable against subsequent
purchasers of the land.

*Appeal from Boone District Court.*—HON. R. M. WRIGHT,
Judge.

TUESDAY, JANUARY 19, 1909.

DEMURRER to petition sustained, and plaintiff ap-
peals. The opinion states the material facts.—*Affirmed.*

*D. G. Baker,* for appellant.

*Dyer & Hull,* for appellee.

WEAVER, J.—The petition is at law for the recovery
of damages upon facts stated, in substance, as follows: In
the first count plaintiff alleges that he is the owner of a
certain described tract of land adjacent to which on the
south side is another tract owned by the defendant, and
that the natural drainage of said land is in a southerly di-
rection; that, for the purpose of obtaining an outlet for
drainage of said land, he entered into an oral agreement
with the defendant by which it was mutually agreed that
defendant should lay a ten-inch tile from the southward
on his own land, bringing the same up to a point within
sixty rods of the public road separating their farms, and
that plaintiff would continue the construction of said drain

from that point northward across the remainder of defendant's land and across the highway upon his own premises. He further alleges that, relying upon said agreement, he purchased the tile for said drain, and deposited the same along the proposed course upon the defendant's land, and began the work of its construction, but that defendant refused to perform his part of the agreement, without which the drain will be valueless to the plaintiff. In the second count practically the same agreement is alleged, but its statement is prefaced by the allegation of an oral agreement between plaintiff's grantor and defendant's grantor, under which they constructed an open ditch extending from the highway between said tracts of land across and over the defendant's land on the south side of said road which successfully served the purpose of drainage for plaintiff's land until after the southerly tract was acquired by the defendant, who constructed a hog pasture extending across the ditch and permitted his swine to break down its banks, fill up the channel, and destroy its value as a means of drainage. Upon these alleged causes of action damages in the sum of $1,000 are demanded.

I.   The demurrer makes the point that the agreement pleaded by the first count of the petition is no more than an allegation of a revocable license by appellee, and shows affirmatively that it was so revoked. If this were the only ground alleged for the demurrer, we should be inclined to hold that it is not well taken. In our judgment the petition alleges something more than a mere agreement for license, or, if it be an agreement for a license, it is one not revocable at pleasure by the licensor. Drainage improvements, if not of lasting permanency, do at least contemplate very considerable periods of time, and, where the right is given upon a valuable consideration, it may not be revoked at the whim of the licensor. Possibly the right so created would better be called an easement, but whatever may be

1. DRAINAGE: contract for construction: rights acquired.

its true designation it is one which the owner thereof may enforce. *Wickersham v. Orr,* 9 Iowa, 253; *Mill Co. v. Greer,* 49 Iowa, 490; *Van Ohlen v. Van Ohlen,* 56 Ill. 528; *Harlan v. Gas Co.,* 133 Ind. 323 (32 N. E. 930); *Wilson v. Chalfant,* 15 Ohio, 248 (45 Am. Dec. 574). It may be that, until the licensee has gone upon the ground and expended money or labor thereon, the license is revocable, as was held in *Kipp v. Coenen,* 55 Iowa, 63, but in this case it is alleged that these acts had been performed. So far as the demurrer to the first count rests upon the proposition that it has alleged no more than a revocable license which has in fact been revoked, it is not well grounded.

The further ground of demurrer is assigned that the agreement pleaded amounts to the creation of an interest in real property, and is not in writing, as required by the

2. SAME: breach of contract: action for damages: statute of frauds: pleadings.

statute of frauds, and can not, therefore, be enforced. The appellant, conceding that the statute of frauds would otherwise be applicable, relies upon the proposition that his petition shows a part performance of the agreement by him, and that the plea of the statute is therefore not available. It must be admitted, we think, that, if the alleged oral agreement was made, then the act of plaintiff in purchasing and depositing the tile on defendant's premises and the beginning of the actual work of construction, if done with the knowledge and consent of the defendant, would be such part performance as to render a plea of the statute of frauds unavailing. But the petition contains no such allegation. It contains no statement or averment which is in any wise inconsistent with the thought that the acts upon which he relies as part performance were done secretly or against the express protest of the appellee. We are therefore disposed to hold that the court did not err in sustaining the demurrer to the first count of the petition. See *Jones v. Stover,* 131 Iowa, 119.

II.    The demurrer to the second count repeats substantially the objections made to the first count.    It is very difficult to determine just what the pleader relies upon in this count.    It would seem, however, to be merely a repetition of the cause of action stated in the first count, strengthened, or sought to be strengthened, by the allegation of an earlier agreement between plaintiff's grantor and the grantor of the defendant, under which the open ditch had at one time been constructed, but had fallen into decay.    But it is in no manner alleged or suggested that the later agreement on which the suit is based was made in consideration of the abandonment of the old ditch or in settlement or satisfaction of any claim on account of its obstruction by the defendant, and, in the absence of any such connection or relation between the earlier agreement between the grantors and the later agreement between these parties on which the suit is brought, the story of the earlier transaction is wholly irrelevant, and the ruling upon the demurrer to this count necessarily follows the ruling upon the first count.

*3. SAME.*

This conclusion is based solely upon the pleading before us, and is not to be construed as denying the effectiveness of an earlier agreement if there was one between the adjacent landowners for the construction of a ditch crossing the premises of both for their mutual use and benefit.    Such agreements when executed, though never reduced to writing, have frequently been held valid and enforceable, and to run with the land in the hands of subsequent purchasers and grantees.    To this effect, see *Vannest v. Fleming,* 79 Iowa, 638; *Honeyfield v. Brown,* 139 Iowa, 414, and cases there cited.    But such is not the case made by the pleadings now under consideration.    The demurrer was correctly sustained.

*4. SAME: oral agreement: enforcement.*

The judgment of the district court is *affirmed.*