CHARLES ARBAUGH, Appellant, v. F. M. ALEXANDER, Appellee.

**Easements:** ORAL AGREEMENT: STATUTE OF FRAUDS. An oral agreement by which one party is to construct and use a way over the land of another, which has been acted upon, the way constructed and actually used for the purpose intended, is not void simply because not in writing.

**Same:** CONSIDERATION. An agreement that plaintiff was to build and maintain a highway bridge for the benefit of both parties, which has been performed, is supported by a sufficient consideration.

**Highways:** OBSTRUCTION: ABATEMENT BY INDIVIDUAL. Even though a traveled way is essentially public still an action may be maintained by an individual to abate an obstruction if he has suffered a peculiar and personal injury therefrom.

*Appeal from Harrison District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, JULY 5, 1911.

ACTION in equity to enjoin the defendant from obstructing an alleged right of way. A demurrer to the petition was sustained, and, plaintiff electing to stand on his pleading, judgment was entered against him for costs. Plaintiff appeals. *Reversed.*

*S. H. Cochran,* for appellant.

*C. A. Bolter,* for appellee.

WEAVER, J.—So far as material to this appeal, the petition of the plaintiff is in the following words:

Plaintiff for cause of action alleges: That he is the owner of two hundred acres of land which corners with forty acres owned by the defendant, and about June 1, 1903, plaintiff and defendant made an oral agreement by the terms of which a highway which had been traveled by the public for over twenty years should be so arranged as to pass over the southeast corner of the defendant's land, so as to accommodate the plaintiff and the public to a better highway intersecting the regular highway known as the Steer Creek road; and it was further agreed that if plaintiff would build a bridge on the defendant's land in the southeast corner thereof, over Steer creek, making it part of said road, that plaintiff should have the right to use said road and bridge in common with defendant and other persons as long as defendant should live or owned the land, and the said bridge should be kept up by plaintiff. In keeping with the terms of said oral agreement, the plaintiff constructed the bridge and has kept it in proper repair ever since, and plaintiff and defendant have used the said road and bridge ever since and up to about June 20, when defendant obstructed said road by placing a fence across the same so the plaintiff can not go over said road and bridge, and said road and bridge is the only one plaintiff can use to go northwest to the intersection of the Steer Creek road; that the obstruction of said road and bridge was unlawful, constitutes a nuisance, and the plaintiff has sustained damages by reason thereof in the sum of $100, and still suffers damages different from the public generally by reason of the obstruction preventing him from getting out of his premises to the northwest.

The grounds of the demurrer to this petition are (1) that the plaintiff pleads an oral contract for the creation or transfer of an interest in lands when by the statute of frauds such agreements are unenforceable; (2) that the petition shows that the contract relied upon was without

consideration; and (3) that plaintiff is not the real party in interest, and the right to maintain the action, if any, is in the public and the constituted public authorities.

We are of the opinion that the petition states a good cause of action, and the trial court erred in sustaining the demurrer thereto. It is true the pleading is not a model of clearness, but it may fairly be gathered therefrom that the parties entered into an agreement by which a right of way was opened across the defendant's land, to be used in common by both parties so long as defendant continued to own and occupy said premises, that in consideration thereof plaintiff undertook to build and keep in repair a certain bridge on said way; that plaintiff has performed his agreement by constructing and maintaining the bridge; and that both parties continued for years to use said way for the purpose for which it was intended without protest or objection until a recent date, since which defendant has obstructed it by a fence.

This declaration is not open to any of the objections urged in the demurrer. An oral agreement by which one party is to construct and have the right to use a way over 1. EASEMENTS: the land of the other, which agreement has oral agreement: statute of frauds. been acted upon and the way constructed and is being actually used for the purpose for which it was intended, is not void simply because it has not been reduced to writing. *Brown v. Honeyfield,* 139 Iowa, 414; *Anderson v. Simpson,* 21 Iowa, 399; *Vannest v. Fleming,* 79 Iowa, 644; *Robinson v. Luther,* 140 Iowa, 723.

Nor is it correct that this petition shows the alleged agreement to have been without consideration. It is distinctly alleged that plaintiff was to build and maintain 2. SAME: consideration. the bridge, and that both parties should have the use thereof in common. This agreement is alleged to have been performed, and such allegation states

a sufficient consideration for a license to the plaintiff to use the way.

But it is said that the fence built by the defendant is an obstruction to the enjoyment of a public right only, and the action can not be maintained by the plaintiff in his

3. HIGHWAYS: obstruction: abatement by individual.

individual capacity. This indicates a misapprehension of the record. There is no averment that the way at the point in question is a public highway. On the contrary, it is alleged. that the way was opened across the land of defendant as the result of a private agreement between the parties in order that they "and others" might obtain a more direct and convenient outlet to the "regular highway." The fact that this agreement is shown not to be perpetual or permanent, but is to terminate when defendant ceases to own or occupy the land, emphasizes its private and personal character. Moreover, even if the way was essentially public, it would not necessarily exclude the plaintiff from maintaining an action in his own name for the abatement of the obstruction, if, as he alleges, he suffered peculiar and personal injury therefrom. *Platt v. Railroad Co.,* 74 Iowa, 127; *Ewell v. Greenwood,* 26 Iowa, 377.

For the reasons stated, the judgment of the district court must be reversed, and cause remanded for further proceedings in harmony with this opinion. *Reversed.*