CHARLES ARBAUGH, Appellant, v. F. M. ALEXANDER and KATIE ALEXANDER.

Easements: TERMINATION BY TRANSFER OF SERVIENT ESTATE: FRAUD: EVIDENCE. Where the owner of premises granted a right of way over the same to an adjoining owner for such time as he should remain the owner, a conveyance to his wife of the bare legal title for the sole purpose of depriving the adjoining owner of the right of way would not terminate the easement; but in the instant case the evidence disclosed that the conveyance was made for a sufficient consideration and prior to any controversy or threatened litigation and no fraudulent purpose was shown, except that the conveyance was in the nature of a gift and made shortly before commencement of suit to restrain obstruction of the way. *Held,* insufficient to support the action.

Same: RIGHT TO TERMINATE: FRAUDULENT CONVEYANCES. One having granted a right of way over his land for such length of time as he shall continue to own the same does not thereby lose the right to sell or give the land away, even for the purpose of terminating the easement; as neither a creditor nor the holder of a lien upon the land could object that a conveyance by the owner was voluntary.

*Appeal from Harrison District Court.*—HON. THOMAS ARTHUR, Judge.

TUESDAY, APRIL 7, 1914.

ACTION in equity to enjoin the obstruction of a private way and for the recovery of damages. Petition dismissed, and plaintiff appeals.—*Affirmed.*

*Cochran & Barrett,* for appellant.

*H. H. Roadifer* and *C. A. Bolter,* for appellees.

WEAVER, J.—The right of way in controversy was considered in this court in *Arbaugh v. Alexander*, 151 Iowa, 552. It is the claim of plaintiff that in 1903, he being then owner of a farm in Harrison county, and the defendant F. M. Alexander being the owner of a forty-acre tract cornering thereon, they entered into an agreement whereby a way was opened from plaintiff's land across a portion of defendant's land to the public highway, the same to be for the use and benefit of both parties and of others who might choose to make use of the same, and that, in consideration of plaintiff's undertaking to build a bridge thereon and to keep the same and the way in repair, plaintiff's right to use the same should continue so long as said Alexander should live or so long as he remained the owner of the land. The evidence tends to show performance of his promise by the plaintiff, and that the way was used in common by him and Alexander for several years. On April 14, 1910, the said F. M. Alexander by warranty deed conveyed the land to his wife, Katie Alexander; but the deed was withheld from record. In June, 1910, plaintiff brought action in the district court against the defendant F. M. Alexander, charging him with wrongfully obstructing said way, and praying an injunction against such interference with plaintiff's use thereof. A demurrer to that petition, on the ground that the alleged agreement was within the statute of frauds, and without consideration, was sustained. On appeal to this court, the judgment below was reversed and cause remanded for further proceedings. Thereafter the cause came on for trial in the district court, where the issues were decided in plaintiff's favor on November 7, 1911. A few days prior to said trial and judgment, the deed to Katie Alexander was placed on record. Shortly thereafter, and after the final judgment in the former case, the defendants, or one of them, again closed the way against use thereof by the plaintiff, and this action was begun making both husband and wife defendants. The petition restates the agreement by which the right was obtained and alleges that the conveyance

of the land from F. M. Alexander to his wife was made in fraud of plaintiff's rights in the premises, and for the express purpose of affording a ground upon which to terminate plaintiff's use of said way. The defendants both admit the conveyance. The wife also admits that she has obstructed the way, closing the same against the plaintiff's use, and avers that in her hands the land is not incumbered by the easement or right of way claimed by the plaintiff. The court held with the defendants in this contention, and plaintiff again appeals.

In their argument to this court counsel for appellant plant their demand for reversal of the judgment below upon the single proposition that F. M. Alexander is still the real owner of the land and the conveyance to Alexander's wife was a mere pretense to work an apparent change of ownership in order to eliminate plaintiff's right of way while the real beneficial ownership remains in the husband. In other words, it is claimed that the wife holds only the naked legal title in trust for her husband. If this be not the fact, and the wife is vested with what counsel calls "the real ownership" of the land, then they concede that the case is one for affirmance. We think it a sound proposition that if the conveyance was intended solely to give the wife a color or appearance of ownership for the purpose of putting an end to plaintiff's right of way in the lifetime of said F. M. Alexander, and his wife received and holds the legal title for his use and benefit, such change of title is not a contingency contemplated by the original agreement between Alexander and plaintiff; and, if that fact were established by the record, then unquestionably the ruling of the trial court was wrong.

1. EASEMENTS: termination by transfer of servient estate: fraud: evidence.

But unfortunately for the appellant, there is no evidence in the record laid before us to sustain such a finding. The deed of conveyance bears date two months before the inception of the litigation between the parties to these lawsuits, and no attempt is made to show that the date of the instrument is not the true date of the transaction. Nor is there

any showing that at said date there was any controversy or threatened litigation between plaintiff and F. M. Alexander.

While the consideration named in the deed is "love and affection" and the payment of a merely nominal sum of money, it is legally sufficient to sustain the conveyance, and, so far as anything is disclosed by the instrument itself, its delivery to the grantee had the effect to vest her with absolute title and ownership, and thereafter the husband's only interest in the land was his statutory contingent right to a distributive share therein, should he survive his wife.

Fraud will not be presumed. There is nothing shown nor do counsel point to any fact tending, as they claim, to show a fraudulent purpose on part of defendant's except the fact that the deed was in the nature of a gift conveyance to the wife and was shortly before the beginning of the original suit.

But while, as we have said, defendants could not eliminate plaintiff's right of way by a conveyance of the mere naked legal title for the husband's benefit, it is equally true that the agreement by which plaintiff's right of way was to continue during said Alexander's life, or so long as he remained the owner of the land, did not divest Alexander of his right to sell the land or to give it away whenever he saw fit to do so, and any conveyance to effectuate such sale or gift would work a revocation of plaintiff's license to use the right of way. When we say sale or gift, we mean, of course, a transaction by which the grantor or donor intends to part and does part with both legal and equitable titles to his property. So long as the sale or gift was actual, not merely colorable, the fact, if it be a fact, that defendant sold or gave the property to another for the express purpose of terminating plaintiff's right of way over it, would not be a fraud nor afford plaintiff any ground of relief; for his right to such way, by the very terms of the agreement, was to end with the defendant's ownership. It follows that when the duration of such ownership ceases, no

2. SAME: right to terminate; fraudulent conveyances.

matter how brought about, a right of way which was dependent thereon must cease with it. There is nothing therefore in the mere fact that the wife gave no valuable consideration for the deed, or that such deed was made shortly before this litigation was begun, to justify the court in saying that she is a mere trustee, holding the title for the use of her husband.

Plaintiff is not a creditor who can object to a voluntary conveyance by the defendant. He had no lien on the property. Whatever rights he had in the premises alluded to were dependent upon the ownership of F. M. Alexander, who retained the absolute right to part with such ownership in any legal manner whenever he might desire so to do. It follows that, upon the sole question presented by the appeal, the judgment below must be affirmed. Plaintiff makes no claim on the theory that the judgment or decree in the former case was an adjudication binding upon the defendant Katie Alexander, who held the title to the land by an unrecorded deed when the original suit was begun and prosecuted to judgment against her husband as the apparent owner of record in possession, and we are not called upon to consider or decide that question.

For the reasons stated, the judgment appealed from is— *Affirmed*.

LADD, C. J., and EVANS and PRESTON, JJ., concurring.