GJEST HANSEN, Appellant, v. THE FARMERS CO-OPERATIVE CREAMERY.

License as to Real Estate: WATERS: *Acquiescence.* Where, with the owner's acquiescence, waste waters from a leased portion of a tract were conducted across the other part for eight years, first by being turned upon the lands, then through a ditch built by the lessee, who paid the owner an annual rental for the land occupied

by it, and then through an underground drain, the lessee had a license for the term of the lease to conduct such waters across the land which was not a mere right, revocable at the pleasure of the lessor.

*Appeal from Mitchell District Court.*—HON. JOHN C. SHERWIN, Judge.

THURSDAY, OCTOBER 6, 1898.

IN March, 1887, the defendant company leased of the plaintiff one acre of land, which was a part of a forty-acre tract owned by him, for a term of twenty years, on which a creamery was to be, and was, built and put in operation. The lease was, on the eleventh of June following, reduced to writing, and signed by the plaintiff. The waste water from the creamery has been discharged over and through plaintiff's land, adjacent to the creamery lot, since the creamery was in operation, about the first of May, 1887. At first this waste water passed over the surface, then through an open ditch, and later through an underground drain. This action was commenced in May, 1895, and is to enjoin the defendant company from the further use of a ditch or drain across his land and for damages. The use of the land for drainage is admitted in the answer, and license and estoppel is pleaded in defense. The district court dismissed the petition, and the plaintiff appealed.—*Affirmed.*

*Marsh & Hambrecht* for appellant.

*W. L. Eaton* for appellee.

GRANGER, J.—The written lease is entirely silent as to a right to pass waste water over plaintiff's land. Without extended comment on the evidence, we find the facts, as admitted and established, to be substantially as follows: That, when the agreement was made to lease the lot for creamery purposes, the question of disposing of the waste water was talked of, and the parties understood that it must

be taken in some way across plaintiff's land, but made 'no definite agreement therefor; and when the creamery was started the water was turned over the surface of the land, and thus passed over it for about three years; that the water passing over the surface of the ground bred a nuisance, and the parties then agreed that an open ditch should be made and fenced one rod wide, and there should be paid for the strip of land so used five dollars per annum; that, prior to the open ditch, a cistern was made on the creamery lot, and the waste water turned into that, and, later, a hole was drilled through the rock from the bottom of the cistern to thus dispose of the water, but both methods proved unsatisfactory, and the open ditch was used; that about 1890, the open ditch being unsatisfactory to plaintiff, inverted plank troughs were placed in a ditch and covered, which makes the present drainage; that the cost of the present drainage was about three hundred dollars; that the drainage across plaintiff's land, in the different ways, was continued for about eight years, and until the spring of 1895; that the manner of the exercise of this right by the company, and the plaintiff's acquiescence therein, show quite clearly that the right was exercised in pursuance of an understanding between the parties to that effect.

Plaintiff had quite full knowledge of all the details as to work and expenditures during the entire time, and no question was made as to the right of the company to discharge the water across his land till the spring of 1895. A provision of the lease is to the effect that the company shall not create, permit, or maintain a nuisance on the leased premises, or on any part of plaintiff's premises lying adjacent thereto. Because of this provision, the right of flowage across the land must be so used as not to violate the provision. This likely had to do with the changes made from time to time. When we take the conflict of evidence, because of contradictory statements as to what was said when the agreement was made, which are, of the two, stronger in favor of defendant's claim, and then

take the circumstances under which the right has been exercised, and the conclusion is not a doubtful one that defendant had a license or permission to flow the water across the land, and that the present method of doing it is one that he agreed to, not, however, to include any improper construction or keeping in repair of the drain. We are not to be understood as finding that the right of flowage across the land was a part of the contract to lease, for we think the written lease embraces what was then intended; but our finding is that independent conversations ripened into a consent or acquiescence by plaintiff in the use of the land for flowage, because of which money and labor have been expended under a mutual understanding that the right should continue during the leasehold period. In *Vannest v. Fleming,* 79 Iowa, 638, this court said: "The assent of the defendant to the construction of the ditch on his land is in the nature of a license, which, having been accepted, and the rights conferred assumed and exercised, cannot be set aside or disregarded." The case cites authorities to support the rule. The language seems clearly applicable to the facts of this case. Facts could hardly be nearer in line for the application of such a rule. It is not a mere naked license, revocable at pleasure. It amounts to a grant for a definite period, and when accepted and expenditures made to render it effective, it becomes irrevocable. 13 Am. & Eng. Enc. Law, 550; *Vannesl v. Flemming, supra.* In the latter case it is said: "The parties have recognized the ditch, have plowed and farmed in accordance with it, and have expended money and labor in the performance of the contract. It can be set aside, disregarded, and annulled by neither without the consent of the other." Then follows the language we have before quoted. There is no such difference of facts in that case as to defeat it as an authority in this case. Here money and labor have been expended for years, and the plaintiff has, to some extent, at least, counseled in the doing of it. We think the judgment below is right, and it is AFFIRMED.