WM. NEUHRING, Appellant, v. AMBROSE SCHMIDT, Appellee.

Drainage: CONSTRUCTION BY AGREEMENT: RIGHTS OF UPPER OWNER. Where adjoining land owners agree upon and construct a ditch along a natural water course connecting with an outlet, the upper owner's rights are not limited to the drainage of a par-

ticular pond directly affected thereby, but he may construct lateral tile drains leading into the ditch even at a lower level so as to drain lands not otherwise affected thereby.

*Appeal from Calhoun District Court.*— HON. Z. A. CHURCH, Judge.

TUESDAY, APRIL 10, 1906.

ACTION in equity for an injunction to restrain the construction and maintenance of a surface water drain. On hearing, the court dismissed the petition and rendered judgment in favor of defendant for costs. Plaintiff appeals.— *Affirmed.*

*E. C. Stevenson,* for appellant.

*C. D. Goldsmith,* for appellee.

BISHOP, J.— Plaintiff is the owner of the E. ½ of the S. E. ¼, section 20, township 88, range 34, in Calhoun county. Defendant is the owner of the N. ½ of said section, and also the S. ½ of the S. W. ¼ of section 17, said township and range. Section 17 lies immediately to the north of section 20. Plaintiff's ownership dates from the year 1899. Prior thereto, and antedating the year 1892, ownership was in one Cox. Defendant's ownership antedates the year 1892. Located on the S. E. ¼ of section 17, owned by one Cassavaw, is a natural depression of many acres in extent, and in its natural state water was accustomed to stand therein for a portion if not all the year. On the land of defendant near the west side of the N. E. ¼ of section 20, and about midway of the quarter north and south there is a natural depression of several acres in extent, and at a short distance to the east and south of this is another depression, also of several acres. As to the former, while in a state of nature, water stood during a portion of the year, while the latter was swampy in character. On

plaintiff's north forty, and a little to the north and east of
the center, is another depression of a few acres in extent
and swampy in character. The general slope of the lands
from section 17 is south and southeast across defendant's
land and the north forty of plaintiff's land. High lands to
the east and west make what may be called a " swale " or
" ravine," along the center line of which lie the depressions
of which we have taken note. Being desirous of draining
their lands, defendant and Cassavaw, together with one
Webb, who owned lands adjoining defendant's to the north-
west, in the year 1892 formed a plan for the construction of
a ditch down along the natural course of drainage to connect
with Hell Slough creek, a natural water course distant a
few rods south and east of the lands then owned by Cox.
Consent to cross his land was obtained from Cox, and dur-
ing the year mentioned, there was dug what is spoken of
in the record as the " big ditch," extending from the large
pond on section 17; thence south and east across de-
fendant's land, connecting with the two depressions men-
tioned; thence south across the north forty of the Cox land,
connecting with the depression mentioned as being there-
on; thence southeast and across the line into section 21,
and having its terminus in the creek. This ditch has been
maintained ever since its construction. On the lands of
defendant, and lying east and west along the line between
the S. W. ¼ of section 17 and section 20, is a string of
natural depressions, small in extent of acreage, and
swampy in character. To the south of the easternmost of
these, and about midway between the same and the pond of
which mention has been made, being the one connected with
the open ditch, is another small depression, also swampy in
character. In October, 1903, defendant proceeded to con-
nect the string of depressions, and the small one to the
south thereof, with the pond, by an underground ten-inch
tile drain. The work was constructed along the natural
course of drainage, and the evident purpose thereof was to

drain the depressions to a lower level than would obtain if left in a state of nature. It is the construction of this tile drain that plaintiff seeks to have enjoined in this action. And his contention is that the effect of such drain, if allowed to be put in operation, will be to bring into the ditch, and upon his land by overflow, large quantities of strange, and, at times, sudden accumulations of water to his great and irreparable injury and damage.

It will be observed that plaintiff does not complain of the existence of the open or big ditch. Nor could he be heard to do so. *Vannest v. Fleming,* 79 Iowa, 638. His contention is that the right of use thereof must be confined to the precise conditions attending and immediately following its construction. But this cannot be sustained as sound in reason, and we are not cited to any supporting authority. The consent given to dig the ditch went beyond the servitude existing by operation of law, and gave to defendant and those associated with him the right in draining their lands to go to lower levels than would be affected in a state of nature. Moreover the easement thus created was not limited to the drainage of any particular pond or depression; it was to enable them to reclaim their lands. Had the drain now complained of been put in when the ditch was dug, and as a part thereof, no one would contend that such was not covered by the consent. If rightfully it might have been done then — and as the easement may not be revoked but runs with the land — it may rightfully be done now. But, if this were not so, our reading of the case satisfies us that the fact conditions bring it within the rule of *Williamson v. Oleson,* 91 Iowa, 290, and the recent cases of *Dorr v. Simmerson,* 127 Iowa, 551, and *Hull v. Harker,* 130 Iowa, 190.

It follows from what we have said that the decree was right, and it is *affirmed.*