R. F. B. PORTMAN, Appellee, v. JOHN N. TOPLIFF, Appellant.

**Easements:** PAROL ACQUISITION: POSSESSION AND USE: EVIDENCE.
1 Plaintiff and defendant own adjoining buildings and the only passage way from the street to the second story of plaintiff's building is by means of the stairs in defendant's building and thence through the division wall. The evidence is held to show that the plaintiff has an easement in the passage way by reason of a verbal agreement of their grantors many years prior, and continuous possession and use thereunder, of which defendant cannot

rightfully deprive him, rather than a mere license subject to revocation at any time.

**Same:** NOTICE OF EASEMENT: When defendant purchased his property he was charged with notice of the claim of right under which plaintiff was using the stairway, and he can assert no better title than he acquired from his grantor.

*Appeal from Winneshiek District Court.*— HON. L. E. FELLOWS, Judge.

THURSDAY, MARCH 19, 1908.

THE opinion states the case.— *Affirmed.*

*C. S. Boice,* for appellant.

*Geo. W. Adams,* for appellee.

WEAVER, J.— Plaintiff and defendant owned adjoining lots in the city of Decorah, Iowa. Plaintiff's lot is but fourteen feet in width, while defendant's is considerably wider. The entire front of both lots is covered by a block of two buildings two stories in height. In defendant's building, and adjoining a party wall between the two lots, a flight of stairs extends from the sidewalk to the second floor, and at the head of the stairs is a door opening through the wall into the plaintiff's building. This opening was made under some agreement between the respective owners, grantors of plaintiff and defendant, when the buildings were erected, more than thirty years before the commencement of this suit. During all of this period the second story of plaintiff's building has been used for office purposes, and the only access thereto from the street has been had by the stairway above-mentioned. In the year 1898, defendant became the owner of the larger lot and building, and some years thereafter a dispute arose between the parties as to plaintiff's right of entrance by the means described, and, defendant having

attempted to prevent such use of his premises, plaintiff brought this suit to enjoin interference with his use of the stairway. It is the claim of defendant that plaintiff's use of this way to the upper floor of his building has been under a mere license subject to be revoked at any time, while plaintiff asserts that he has an easement in such passageway of which defendant may not rightfully deprive him so long as said building continues to exist. The trial court found for plaintiff, granting the relief prayed for, and defendant appeals.

As in most matters of disputed right having their origin far in the past and resting in parol, the evidence is not altogether clear and consistent; but it is shown with reasonable certainty that when plaintiff's grantor erected his portion of the block there was a verbal agreement between him and the owner of the other lot by which, in consideration of his undertaking to keep the stairway in repair, he was granted the right to make the opening in the party wall and utilize the stairs as an entrance to the offices in his building. Such, in effect, is the testimony of Mr. Treat, who was then the owner of the building now owned by the appellant, and in this he has considerable corroboration. Indeed, it is hardly reasonable to suppose that the builder of the smaller building would have planned and constructed it in the manner he did, if he understood that his right to the stairs was that of a mere licensee, subject to exclusion at a moment's notice from his neighbor. For the space of an entire generation the use of the stairway by both owners and their conduct in reference thereto has been in entire accord with the plaintiff's theory of the agreement and of their respective rights. At various times, the plaintiff has paid in whole or in part for the repair of the stairs, and, even since appellant purchased the building, plaintiff has paid, and defendant has accepted payment of, a share of the cost of work and materials thus expended. The fact that the granting of the right of way to the plaintiff was in parol only is not con-

trolling. Possession and use thereunder were at once assumed and have continued uninterruptedly until this controversy arose.

When defendant purchased his premises, he was bound to take notice of the right or claim of right under which plaintiff was making use of the stairway, and he can assert no higher or better title to the property than his grantor had to convey.

We are satisfied with the decree of the district court, and it is *affirmed.*