G. W. BROWN, GEORGE B. HAUGHEY and ISABELLA FITKIN v. J. B. HONEYFIELD, Appellant.

**Drainage:** ACQUISITION OF RIGHT: LICENSE. A permanent right of
1 drainage through the land of another may be acquired by the joint construction of a ditch therefor, under an oral agreement of the respective owners of the lands through which it passes, and where time and money have been expended in its construction and maintenance in reliance upon the agreement, this right, which is in the nature of a license, cannot be destroyed without the consent of all such owners.

**Same:** EASEMENT: TRANSFER OF RIGHT. The agreement for a per-
2 manent right of drainage through the land of another need not be expressed, it may be established by facts and circumstances, as the joint construction, maintenance and long continued recognition of the drain; and where such right has become permanent it amounts to an easement which passes with the land, although no special mention of the same is made in the conveyance.

**Drains:** MAINTENANCE: UNAUTHORIZED ACTS OF OTHERS: ESTOPPEL.
3 Where a permanent right of drainage has been established no act of the township or county officers in turning an additional

quantity of water into the drain, for which the owners of the land were not responsible, can affect their right to have the ditch maintained; nor will the unauthorized act of the husband of a married woman, who owns land affected by the drain, estop her from insisting on its maintenance.

**Same:** CHANGE OF COURSE OF DRAINAGE. Changing the course of a drainage ditch constructed jointly by the owners of the land affected thereby will not extinguish the easement when once acquired, unless the flow of water upon the servient estate is unduly increased to its damage.

**Same:** EQUITABLE RELIEF. A court of equity may restrain any violation of a permanent right of drainage, and will extend this protection to a tenant of the land.

**Same:** *Bona fide* PURCHASER: NOTICE. A purchaser of land, through which an open ditch ran for the benefit of adjacent owners, cannot complain of the same on the ground that he had no knowledge thereof, as the ditch itself was evidence of the easement.

**Same:** REMOVAL OF OBSTRUCTIONS: DECREE. One who has obstructed a permanent drainage ditch on his own land cannot be heard to say that a decree requiring him to remove all obstructions and put it in the same condition that it was prior to the obstruction is uncertain, indefinite and incomplete.

*Appeal from Floyd District Court.*— HON. J. F. CLYDE, Judge.

SATURDAY, JUNE 6, 1908.

REHEARING DENIED TUESDAY, SEPTEMBER 29, 1908.

SUIT in equity asking a decree establishing an easement over the defendant's land, and praying that he be restrained from filling a drainage ditch. There was a decree for the plaintiffs. The defendant appeals.— *Affirmed.*

*Frank Lingenfelder,* for appellant.

*P. W. Burr,* for appellees.

SHERWIN, J.— The plaintiffs, G. W. Brown and Isabella Fitkin, are the owners of separate pieces of land lying north and west of the appellant's land. The plaintiff, George B. Haughey, is a tenant occupying land west of the Brown and Fitkin land. R. R. Stewart is the owner of land directly south of the Fitkin land and west of the appellant's land. About 1860 a ditch was dug from Brown's west forty southeasterly through the Fitkin land, thence across the east and west highway between that land and the Stewart land, then through the Stewart land to and across the township line road onto the appellant's land, and thence south through his land to a creek. About 1893 the course of the ditch was changed from the Stewart land to the highways north and east thereof. Whether this change was made with the consent of Witmore, the then owner of the appellant's land, or at the instance of the appellees' grantors, does not certainly appear; but, as we view the case from the record before us, it is not a controlling question. The appellant bought the land in question in June, 1899, and moved onto it in the fall of 1900. As we understand the record, the ditch was originally dug to drain a large depression or basin located on the lands of Brown and Fitkin as well as other land, and it was dug in a natural water course, at least a part of the way, and in a natural depression on the appellant's land, which became a water course in times of high water. The original ditch was from four to five feet deep and about five feet wide at the top. It crossed the appellant's land between his house and barn, and the several owners of the land have maintained bridges over it since it was dug. The terms of the original contract for the construction of the ditch are not shown because of the death of the parties, but it is conclusively shown that the plaintiffs' grantors and predecessors in title expended money and time in opening said ditch originally, and that they and their grantors and predecessors in title have expended time and money in cleaning it out.

It is well settled in this state that the permanent right

of drainage through the land of another may be acquired where a ditch therefor has been constructed jointly by the owners under an oral agreement for its construction, and where time or money has been expended in its construction and maintenance in reliance upon such agreement.    And a ditch so constructed cannot be destroyed, or the right thereto be denied or annulled without the consent of all parties to the agreement. The assent of appellant's predecessors in title to the construction of the ditch was in the nature of a license, which, having been accepted and acted upon, cannot be disregarded. *Neuhring v. Schmidt,* 130 Iowa, 404; *Dorr v. Simmerson,* 127 Iowa, 551; *Hansen v. Farmers' Co-op. Creamery Co.,* 106 Iowa, 170; *Vannest v. Fleming,* 79 Iowa, 644.

1. DRAINAGE: acquisition of right: license.

That the ditch in question was dug at the joint expense of the owners of the land described in the petition, and for the purpose of draining their land, does not admit of doubt. Its size and the fact that it was maintained unobstructed for over forty years by all of the parties in interest is the strongest kind of evidence in support of the claim that it was the intention of the parties to make it a permanent improvement and permanent way for the discharge of water from the plaintiffs' lands.    And, while it is true that no witness is able to testify that it was the express agreement between the parties that it should be an irrevocable right or license, the facts and circumstances proven can be reconciled with no other thought or intention.

2. SAME: easement: transfer of right.

If the right to this way became permanent by reason of the agreement and the conduct of the parties, it created an easement that passed with the grant of the land itself, and it was not necessary to specifically mention the same in the deeds of conveyance. The record does show that the action of the water and the travel of stock over the ditch tended to partly obstruct it at times, but it is also shown, as we have already said, that it was cleaned out from time to time so that it

3. DRAINS: maintenance: unauthorized acts of others: estoppel.

would serve the purpose for which it was dug. It was never entirely closed or obstructed on the appellant's land until shortly before this action was commenced.

The action of the county or township officers in throwing an additional quantity of water into the ditch can make no difference with the plaintiffs' right, for it is not shown that they were in any way responsible therefore. The plaintiff, Isabella Fitkin, did not authorize her husband to represent her in any action he took relative to the ditch, and she clearly cannot be estopped thereby. The record fails to show that the additional ditches claimed to have been dug by the plaintiffs increased the flow of water through the ditch in question to the detriment of the appellant.

Changing the course of a ditch will not extinguish an easement unless it appears that the quantity of water thrown

4. Same: change of course of drainage.

upon the servient estate will be unduly increased to the damage of such estate. *Neuhring v. Schmidt, supra; Hull v. Harker,* 130 Iowa, 193.

The appellee Haughey as tenant is entitled to the benefit of the easement running with the land occupied by him and incident to his lease, and a court of equity has jurisdic-

5. Same: equitable relief.

tion to restrain any violation of such right. *Morrison v. Railway Co.,* 117 Iowa, 590; 1 Taylor's Landlord & Tenant (8th Ed.), section 212.

There is no merit in the appellant's claim that he purchased without knowledge of the easement claimed by the plaintiffs. The ditch was there at the time, and it was in

6. Same: bona fide purchaser: notice.

itself evidence of an easement. If the appellant failed to view the premises before buying, it was his fault, and not that of the plaintiffs. After he moved onto the land he recognized the ditch by helping the others clean it out, and by building a way over it to his barn and other out buildings. The appellees have done nothing, nor have they omitted to do anything upon which an estoppel can be based.

Finally, it is said that the decree is "uncertain, indefinite, and incomplete." It orders the appellant to remove all obstructions "that he has placed or caused to be placed in
**7. SAME: removal of obstructions: decree.** that portion of the ditch . . . upon his premises at any time since June, 1903," so as to leave it "in the same condition as to depth and width as it was immediately after it was cleaned out with defendant's assistance in the summer of 1903." The appellant is certainly in no position to complain of this decree. His unauthorized act brought about the present condition, and all that he is required to do is to restore the ditch to its condition immediately before he acted. If there is uncertainty as to such condition, he alone is to blame for it.

The judgment should be, and it is, *affirmed.*