LEW WALKER, Appellee, v. HUGH GORMAN, Appellant.

**Drainage:** SURFACE WATER: OBSTRUCTION: . EVIDENCE.    A landowner can not substitute a tile drain for an open ditch in such manner that the outlet for drainage from adjoining land is rendered less efficient.

In this action the evidence is held to show an obstruction of the flow of surface water by reason of the fact that the tiling substituted for the open ditch was too small and the water was thereby cast back onto plaintiff's land.

*Appeal from Dallas District Court.*—HON. EDMUND NICHOLS, Judge.

WEDNESDAY, MARCH 15, 1911.

ACTION in equity to enjoin defendant from obstructing a ditch.    There was a decree granting the relief prayed, and defendant appeals.    The opinion states the material facts.—*Affirmed.*

*J. E. Kelley,* for appellant.

*W. H. Fahey,* for appellee.

WEAVER, J.—The plaintiff owns and occupies the northwest quarter of section 18, township 81, range 29, in Dallas County, and the defendant owns the southwest quarter of section 7 in the same township and range substantially as indicated on the following diagram:

A highway extends east and west along the boundary between these tracts. The general slope or course of surface drainage is from the south, and the flow is naturally cast upon the land of the defendant, where it finds its

way into a stream known as Fanny's branch. Variations in elevation are such that the flow of water from plaintiff's land tends to concentrate to some extent, at least, at point B near the eastern terminus of the boundary line between the parties, and at point A near the middle of said line. From A a swale or depression extends northeasterly to Fanny's branch. For some years there has been on open ditch or channel from the highway at A along the course of the swale, serving as an outlet for the discharge of water naturally collecting therein. Before trouble arose between them, plaintiff and defendant united with others in grading up the highway between them, and in the construction of a ditch along the south side of the grade extending from the outlet at B west to the other outlet at A. At the same time they put in a culvert at A, thus affording an escape in the direction of Fanny's branch, not only for the water coming down the swale on plaintiff's land, but also for the water intercepted by the ditch along the highway grade. A tile drain on plaintiff's land discharges its flow at A; the water passing therefrom through the culvert into the ditch or channel on defendant's land, and thence into the branch. Still other drainage from the land of plaintiff is intercepted by the ditch along the south side of the highway grade, which conducts it to the same culvert at A. Prior to the commencement of this action, defendant laid a twelve-inch tile from the highway at A substantially along the course of the open ditch to its lower terminus at the branch. At its north terminus near the highway, and north of the culvert, the tile was about sixteen or eighteen inches below the bottom of the ditch. To conduct the water coming through the culvert into this tile drain, a section of tile reenforced by cement was connected with the drain; the upper end being brought to the surface and forming a catch basin or sump. The alleged construction, operation, and effect of this tile have given rise to the present litigation. It

is the claim of plaintiff that the twelve-inch tile is not large enough to accommodate the drainage in that direction, that plaintiff has obstructed the open ditch, and by reason thereof, as well as by reason of the undue height of this upright connection or sump, the water is set back into his tile and upon his land to his material injury. The defendant does not seriously contest the plaintiff's right to drainage through the culvert and along the swale to Fanny's branch, but denies that he has obstructed the flow, and asserts that the twelve-inch tile drain will and does carry off the water as fully and completely as it would be discharged if left to find its way to the branch in a natural way unaffected by artificial aids.

As will be observed from the foreging statement, the dominant issue in the case is one of fact. As is usual in this class of cases the conflict of testimony between the interested parties is quite irreconcilable, but when due allowance has been made for the effects of personal interest and partisan bias on either side, and the story of each is examined in the light of the testimony of other witnesses not especially interested in the subject of controversy, we reach the conclusion, that the trial court did not err in holding the plaintiff entitled to relief. It quite plainly appears that, as constructed by the defendant, the top of the tile in the sump is some eight inches higher than the bottom of the flow through the culvert, so that none of the drainage from the north enters the defendant's tile until the water is eight or more inches in depth in the ditch at that point. It is the claim of the plaintiff that defendant, in order to accomplish this result, dammed or obstructed the open ditch at or near the sump. Defendant denies this; but it is shown without question that, with the water standing eight inches deep and flowing over the top of the sump, there was none flowing past it down the open ditch, a condition which can be accounted for only on the theory that the ditch had been obstructed at

this point in some manner.  It was the undoubted right of the defendant to substitute the tile drain for the open ditch, so long as the outlet thus given for the drainage coming from plaintiff's land was no less efficient and serviceable than the one which it replaced; but he could not rightfully adopt a plan which would set the water back upon the plaintiff's land, or retard the escape of the water therefrom.  In this respect the preponderance of the evidence shows plaintiff has just ground of complaint.  Nothing is to be gained by going into a discussion of the evidence in detail, and we shall content ourselves with the statement that we are in accord with the trial court as to the merits of the dispute upon questions of fact.  The law applicable to contests so frequently arising between adjoining landowners over the discharge and disposal of surface waters is becoming fairly well settled in this state. The relief granted the plaintiff herein comes well within the principles approved and applied by this court in *Vannest v. Fleming,* 79 Iowa, 638; *Dorr v. Simmerson,* 127 Iowa, 551; *Priest v. Maxwell,* 127 Iowa, 744; *Neuhring v. Schmidt,* 130 Iowa, 401, and numerous other precedents of that class.

The decree entered by the trial court quite carefully guards the rights of the defendant by permitting him, if he so elects, to carry the water across his premises in a tile drain, the entrance to which is placed sufficiently low not to dam the flow from plaintiff's land; but in case he does not elect to do so, he is required to remove the obstructions in the open ditch, and permit the water to flow therein to Fanny's branch substantially as it did before the tile drain in controversy was constructed.  It would seem that the terms of this decree, fairly observed, effect substantial equity and leave no just ground of complaint to either party.

It is proper, however, to notice that defendant insists that the culvert across the highway was laid lower than

the bottom of the ditch to the northward, and that the alleged obstruction to the flow of water through the ditch is attributable to this cause, and not to any act on his part. But we do not so find. The defendant laid his tile drain at this point in the ditch, and the natural tendency of such change would be to raise the bottom to some extent. There is also evidence that he plowed across its course, and we may infer that the wash and wear from the plowed banks into the old channel has filled it to an appreciable degree. Moreover, so far as appears, there had been no serious tendency to delay or set back the flow prior to these acts of which the plaintiff complains.

The record as a whole satisfies us with the correctness of the decree, and it is therefore *affirmed*.