W. A. MORSE et al., Appellants, v. CHARLES RHINEHART, Appellee.

**EASEMENTS:** Creation and Termination—Drainage Easement. An irrevocable easement is acquired by a landowner who, at his own expense, extends his tile in the general course of natural drainage across the lands of an adjoining owner, pursuant to the oral consent of the latter, and to the common betterment of both tracts of land.

**EASEMENTS:** Creation and Existence—Notice. The purchaser of land may not claim that he took his title freed from the burden of an easement when he had notice of such easement *before* he had paid any substantial part of the consideration.

**WATERS AND WATERCOURSES:** Natural Watercourse—Right to Use Tile Line. A property owner who has consented to the laying across his land of a line of tiling in the general course of natural drainage, by and at the sole expense of an adjoining landowner, may connect his drainage with said tile, provided said connected drainage will not overtax the line of tile.

*Appeal from Dallas District Court.*—LORIN N. HAYS, Judge.

MARCH 6, 1923.

ACTION in equity, to enjoin the defendant, Rhinehart, from connecting a 6-inch tile drain with plaintiffs' 10-inch main tile drain. Decree dismissing plaintiffs' petition, and they appeal.— *Modified·and remanded.*

*White &. Clarke,* for appellants.

*George J. Dugan, E. W. Dingwell,* and *Lyle W. Maley,* for appellee.

STEVENS, J.—This is a controversy among owners of adjoining farms, and involves problems of drainage. The land of appellant Frank Mitchell lies immediately north of the land of

1. EASEMENTS: creation and termination: drainage easement.

appellee, and adjoins the land of appellant Morse at the northeast corner, so that all of the land of appellants lies north of appellee's land. H. B. Seibert owns the land adjoining that of

Mitchell and Rhinehart on the east. In 1905, appellants obtained permission of Jacob Mitchell, who was then the owner of appellee's farm, to lay a 10-inch tile in a southwesterly direction across the same to an open outlet or creek thereon. The 10-inch tile extends in a northwesterly and southwesterly direction from the north line of appellee's tract about 100 rods on Mitchell's land and 90 rods on the land of Morse. Both Morse and Mitchell have connected lateral drains with the 10-inch main, varying in size from 4 to 7 inches. After the decease of Jacob Mitchell, who was the father of appellant Frank Mitchell, his land was sold to appellee by a referee in partition, at private sale. The present controversy grows out of the attempt of appellee to connect a 6-inch tile on his own premises with the 10-inch main tile. The proposed lateral of appellee would drain a pond or small area of wet land on the Seibert farm. The 10-inch main across appellee's farm follows the regular course of the natural surface drainage across the same. The court below held that the right of appellants to maintain and use the 10-inch tile on

the premises of appellee was that of mere licensees, which appellee might revoke at will.

Except as it may affect the relative rights of the parties to the use of the 10-inch tile, it is perhaps immaterial whether appellants are mere licensees or whether they have a right in the nature of an easement. Appellee does not in this action attempt to revoke any right of appellants', whatever it may be, to maintain the tile; but rather, he seems to recognize and acquiesce therein. It is true that the arrangement with Jacob Mitchell was in parol, and that he was paid no consideration by appellants for the privilege of laying the 10-inch main across his farm. The appellants entered upon the land under the agreement with Jacob Mitchell, and furnished and laid the tile at their own expense. No question of the statute of frauds is, therefore, involved. No doubt the land received some direct and substantial benefit from the improvement. We think it clear, under our prior decisions, that appellants have acquired an interest in the nature of an easement across appellee's land which is not subject to revocation by him. *Cook v. C., B. & Q. R. Co.*, 40 Iowa 451, 455; *Brown v. Honeyfield*, 139 Iowa 414, 417; *Jones v. Stover*, 131 Iowa 119, 122; *Ruthven v. Farmers Co-op. Creamery Co.*, 140 Iowa 570, 574; *Green v. Crain*, 185 Iowa 1086, 1091; *Ague v. Seitsinger*, 85 Iowa 305, 310; *Hatton v. Cale*, 152 Iowa 485, 493. To the extent, therefore, that the decree entered in the court below holds that the right of appellants to maintain the drain is that of mere licensees, subject to be revoked by appellee, it must be modified.

Some contention is made by appellee that he purchased the land without notice of the claim of appellants, and that he is not, therefore, bound to recognize the same. He did, however, have notice immediately after he entered into the contract with the referee, and before he had paid any substantial part of the purchase price. Having received notice before the purchase price was paid, he is not an innocent purchaser without notice. *Rine v. Wagner*, 135 Iowa 626, 630; *Rush v. Mitchell*, 71 Iowa 333, 336. Furthermore, the right of appellant was one running with the land. *Dorr v. Simmerson*, 127 Iowa 551; *Hansen v. Farmers Co-op.*

*creation and existence: notice.*

2. EASEMENTS:

*Creamery Co.,* 106 Iowa 168; *Robinson v. Luther,* 140 Iowa 723, 725; *Ruthven v. Farmers Co-op. Creamery Co.,* supra.

The controversy, as stated, however, does not involve the right of appellants to maintain the tile where laid across appellee's land, but only the relative rights of the parties to the use thereof. It may, perhaps, be safely assumed that the benefits derived by appellee from the drainage afforded his land by the tile in question are sufficient to prevent objection on his part. The right of appellants to drain their lands through this tile is not necessarily exclusive. Its course is along the line of the natural surface drainage, and manifestly Jacob Mitchell did not intend, by the right given to appellants, to prejudice any right of draining his own land. The sole purpose of the tile drains is the reclamation or improvement of lands too wet for cultivation for that purpose. The evidence on both sides was directed to the question of the sufficiency of the 10-inch tile to carry the additional water coming into it from the 6-inch tile.

3. WATERS AND WATERCOURSES: natural watercourse: right to use tile line.

According to the testimony of engineers called by appellee, the entire watershed that drains to the southwest over the lands of the parties and others contains approximately 200 acres, and the 10-inch tile has a drainage capacity of about 130 acres, and the 6-inch tile of appellee a capacity of 36 acres, or a total of 166 acres, which is much greater than the area actually involved. The fall of the 10-inch tile above the point of the proposed junction of appellee's tile with the 10-inch main is from .75 of an inch to an inch per rod. The fall below the proposed junction is from 2 to 3 inches per rod, or a total fall of about 11 feet in 788 feet. Thus it appears that the fall of the 10-inch tile from the junction of the 6-inch tile is much greater below to the outlet than above. Two competent engineers testified that it would be impossible for water flowing into the main from the 6-inch tile to obstruct or back the water up in the 10-inch tile, and that its capacity below the junction would be but slightly affected. A practical engineer called by appellant was of a contrary opinion. There was testimony that at times the water from appellant's land fills the 10-inch tile to its full capacity.

It seems to us, however, without reciting the record in detail, that the strong preponderance of the evidence is to the effect that appellants will be in no wise injured or damaged if appellee be permitted to connect his 6-inch lateral drain with their 10-inch main. This being true, appellee has a right to connect the 6-inch tile with the 10-inch main, for the purpose of draining his own land. His use, however, thereof must at all times be consistent with the rights of appellants, and not to their injury or damage.

The cause will be remanded to the court below for decree in harmony with this opinion, or, if the parties elect, decree may be entered in this court. The decree of the court below is, accordingly, modified as above explained, and affirmed.—*Modified and remanded.*

PRESTON, C. J., EVANS and DE GRAFF, JJ., concur.