B. I. SALINGER, Appellee, v. J. WINTHOUSER et al., Appellants.

**WATERS AND WATERCOURSES:** Private Drainage—Construction
1 **Under Contract—Pleadings.** On the issue whether a dominant estate holder may maintain a tile drainage system on his land, and

by means thereof discharge waters on the land of a servient estate holder, a plea should not be stricken which asserts, in substance, that the tile system in question was constructed at large cost under an agreement with a former owner of the servient estate, and was open, visible, and notorious to all subsequent purchasers of the latter estate.

**WATERS AND WATERCOURSES:** Drainage Under Statute—Scope
2 of Statute. The statutory authorization to private landowners to drain their lands in the natural course of drainage, or into natural depressions which will carry the waters into some natural watercourse (Sec. 7736, Code of 1924), has no reference to, nor does it purport to limit, the *right of contract* for private drainage.

Headnote 1:    40 Cyc. p. 653 (Anno.)    Headnote 2:    40 Cyc. p. 649.

*Appeal from Carroll District Court.*—E. G. ALBERT, Judge.

OCTOBER 20, 1925.

SUIT to enjoin the maintenance of a system of tile drains and the discharging of water upon the plaintiff's land. The court struck out parts of defendants' answers, and they appeal. —*Reversed.*

*Helmer & Minnich* and *Lee & Robb,* for appellants.

*Salinger, Reynolds, Meyers & Cooney,* for appellee.

MORLING, J.—The petition alleges that plaintiff's predecessor in title, Rosalie Salinger, purchased the land in controversy in 1912, and paid the then value for it; that the defendants own

1. WATERS AND WATERCOURSES: private drainage: construction under contract: pleadings.

adjacent lands, and are maintaining on them a system of tile drains, only the terminals of which touch the plaintiff's lands; that the tiles are covered and invisible except three ends which "never gave any indication of what system they are the ends of, and no indication that anything is being drained except lands next adjacent to and adjoining the land of plaintiff;" that these drains do not follow the general course of natural drainage of defendants' lands, but extend from the land of one of the defendants to lands of the others, not connecting with each other,

and they drain land not adjacent to plaintiff's land; that two of the tiles discharging upon plaintiff's land are 10-inch tiles; that the outlet is not into a natural watercourse, and the waters from it are cast upon plaintiff's land in greater quantity, different manner, and with greater force than would be the case if the natural system of drainage had been left undisturbed. It is not alleged that water is taken from a different drainage area or watershed into this tile system.

The defendants in their answers allege:

"In the year 1903, one John F. Grace, who was then the owner of the northeast quarter of the southeast quarter of Section 6, of which premises this defendant is now the owner, entered into an oral contract with Emma G. Cuthbertson, who was then the owner of the land described in plaintiff's petition, in which it was stipulated and agreed that the said John F. Grace and the owners of the other lands now drained by the southernmost of the two tile drains with a 10-inch opening, at about the point described in plaintiff's petition, could construct said tile drain and discharge the same at the point where the same now discharges, and drain the water from the land traversed thereby on and across the said lands then belonging to the said Emma G. Cuthbertson; that in said oral contract it was agreed that the said John F. Grace should clean out the waterway then existing for the conduct of said water below said point of discharge on said Emma G. Cuthbertson's land to the point where the same connected with another ditch farther down on said land, and, in pursuance of and reliance on said agreement, the said parties expended large sums of money in cleaning out said ditch and in the construction of said tile drain across their lands; that the same was done with the full knowledge, acquiescence, and consent of the said Emma G. Cuthbertson, and with the knowledge on her part that the waters from the outlet of said tile would be discharged over and upon her said premises, and the same was allowed to so discharge for a period of more than ten years, without objection and without interruption from said date to this time."

A later paragraph is as follows:

"[That, at the time plaintiff acquired his said title, and at the time of the acquiring of any title thereto subsequent to

the title therein of the said Emma G. Cuthbertson, under and by virtue of which the plaintiff is now claiming, the waters from the opening of said tile were .discharging into said. ditch and flowing from said opening in said ditch across the said lands now owned by plaintiff, and that] during all of the time from the construction of said tile and outlet, the same has been an open and visible watercourse from said .opening clear across plaintiff's said land to the southern boundary thereof, and plaintiff and his grantors, .both immediate and remote, were charged thereby with full notice of all of the rights of this defendant and of the owners of all of the lands drained by said tile, as aforesaid.''

Plaintiff moved to strike out all of the above quoted allegations except that part inclosed in brackets. This motion was sustained.

The answers also allege that the tiles were laid in the general course of natural drainage upon defendants' lands into a natural watercourse or depression, whereby the water therefrom was carried into a natural watercourse.

It will be noticed that the petition apparently anticipates the plea of the oral agreement; and by plea of payment of value for the land, and by the allegations of the invisibility of the tiles and of their being laid not in a natural watercourse, only the terminals touching the appellee's land, plaintiff endeavors to assume for his predecessor in title the position of a bona-fide purchaser for value, and thereby seeks to avoid the effect of the oral agreement.

Plaintiff urges, in support of the motion to strike, that the allegations stricken state no facts putting a purchaser.on inquiry as to the alleged rights of the defendants.

The allegations stricken out say that the agreement was that Grace and the others could construct a tile drain and discharge it at the point where it now discharges, and drain the water across the Cuthbertson lands; that Grace should clean ,out the waterway then existing on the Cuthbertson land· to a connection with another ditch farther down on plaintiff's land, and that this was done, and large sums expended in doing it; that, during all the time thereafter, ''the same has been an open and visible

watercourse from said opening clear across plaintiff's said land to the southern point thereof.''

We are of the opinion that the pleading shows that these two or three outlets and the discharge of water from them into the cleaned-out ditch were visible and apparent; that the visible existence of the tile outlets of such size and the discharge of water from them upon plaintiff's land were notice that there was in existence, and that the 10-inch tiles were part of, a covered drainage system of considerable extent; that the purchaser of the lands now owned by plaintiff was put upon inquiry as to the existence and extent of such drainage system; that the outlets and the discharge of the water from them upon plaintiff's land were a visible servitude in apparent use, sufficient to put a purchaser upon inquiry as to its extent; and that inquiry, if followed out with reasonable diligence, would have resulted in the discovery of the nature and extent of the existing easement. *Cook v. C., B. & Q. R. Co.,* 40 Iowa 451; *Ruthven v. Farmers Co-Operative Creamery Co.,* 140 Iowa 570; *Hatton v. Cale,* 152 Iowa 485; *Schlader v. Strever,* 158 Iowa 61; *Green v. Crain,* 185 Iowa 1086; *Miller v. Electric Service Co.,* 192 Iowa 1073, 1079; *Morse v. Rhinehart,* 195 Iowa 419.

Plaintiff argues that, under Section 1989-a53, Code Supplement, 1913, the right to drain is limited to adjacent lands. This section, however, has no reference to, nor does it purport to limit the right of contract for, private drainage. The

2. WATERS AND WATERCOURSES: drainage under statute: scope of statute.

ruling appealed from so dismembered the answer as to deprive the defendants of their defense.

We conclude that the court erred in sustaining the motion to strike, and this ruling is reversed.—*Reversed.*

FAVILLE, C. J., and EVANS and STEVENS, JJ., concur.

ALBERT, J., not participating.