ISABELL BLACK, Appellee, v. AMOS WHITACRE, Appellant.

NOVEMBER 13, 1928.

*Nichols, Tipton & Tipton,* for appellant.

*J. G. Kammerer* and *G. Allbee,* for appellee.

STEVENS, C. J.—I.   Block 8 in the town of West Liberty fronts on the south on Third, on the west on Spencer, and on the east on Columbia Street.   An alley 20 feet in width extends east and west through the block.   Appellant is the owner of the east 40½ feet of Lot 4, and appellee of all of Lot 3.   These lots were at one time owned by Levi Pickering.   On August 28, 1907, he conveyed Lot 3, which was then improved, to James Black, who died testate in 1917.   His will gave the property to the appellee, Isabell Black, who has since resided thereon.   On October 26, 1892, Pickering conveyed Lot 4 to Lucy Worstell.   This lot was then unimproved.   Through one or more subsequent conveyances, title thereto passed to appellant, November 1, 1912.   During the time Mrs. Worstell owned the property, a residence was erected thereon.   The east side of the residence is about two feet west of the east line of the lot.   There is a curb or small retaining wall along the east side of appellant's house, about one foot from the east line of the lot.   The full distance between the retaining wall and the west side of appellee's house is not shown, but the space is sufficient for use as a driveway between the respective properties.   Appellant and his predecessors in title have long used this open space, which we will refer to as the driveway, in putting coal in the basements of their respective houses.   The driveway is in blue grass, and is kept mowed, the same as other portions of appellee's lot.   Appellant, however, for a short period prior to the commencement of this action, did the mowing.

Appellee in her petition asks that appellant be enjoined from using said driveway for any purpose whatever, and that title thereto be quieted in her as against him.   The driveway has not been the subject of grant or reservation in any of the deeds to either of the respective properties.   Appellant claims

an easement under an alleged oral agreement, by prescription, necessity, and estoppel. Going a little more fully into the details, we find that evidence was introduced by appellant, tending to show that, when Pickering conveyed the portion of Lot 4 to Mrs. Worstell, he orally agreed with her that she might use the driveway in controversy as a means of access to her property. Mrs. Worstell and her husband, however, testified that the agreement, so far as any was made, gave her the right to use the driveway for the purpose of putting coal in the basement of the residence she then contemplated building. Nothing was done while Mrs. Worstell owned the property, by either herself or Pickering, to improve the so-called driveway. If it was used by Mrs. Worstell for any other purpose than for putting in coal, the use was occasional, and for an incidental purpose only. Pickering resided in the property now owned by appellee, and during that time, he reconstructed the sidewalk in front of the driveway, making the edges an oval shape, so that loaded vehicles could pass thereover. We gather from the record that Third Street was not then paved. Subsequently, James Black repaired or reconstructed the sidewalk in front of the driveway in much the same manner. The situation thus created continued until appellant, after the street was paved, constructed a concrete driveway from the paving to the walk. This driveway was constructed in the usual manner, with the curb on each side so curved as to join with the curbing on the north side of the pavement. It is claimed, and we think the evidence satisfactorily shows, that James Black paid one half of the expense of this concrete approach. No prearrangement between the parties that he should do so is shown, and the inference to be drawn is that the payment was wholly voluntary. Black's grantor testified that he informed him that he could not sell him Lot 3 unless he would agree that the owner of appellant's property might use the driveway, and that Black assented thereto. Appellant also testified that, when he purchased his property, there were wagon tracks in the driveway, and that he was informed by the agent of the seller that it was an easement appurtenant to the property.

Pickering's deposition was taken sometime before the trial. He then testified that Worstell "just used it [driveway] to haul in his winter coal. Whitacre didn't want it, except for hauling

coal." This, we think, expresses the true understanding of the parties. Some five or six years before the commencement of this action, appellant sought to use the driveway for other purposes, and at times caused or permitted motor vehicles to be parked therein. Up to this time, there was no disagreement between himself and appellee as to the use of the driveway. Appellant, in the course of his testimony, denied to some extent that he used the driveway as claimed by appellee. His denial, so far as it has bearing, implies a contradiction of the full right now asserted by him in the driveway.

The claim he now asserts to a driveway by necessity is without support, either in law or fact. As was said in *Cassens v. Meyer*, 154 Iowa 187, in reference to easements by necessity:

"Generally speaking, they arise only in favor of a grantee, as against his grantor, and consist of a right to the grantee of outlet over the lands of his grantor, if the grantee has no other outlet."

If this rule is subject to exceptions, none of them are shown in this case. Appellant was not the grantee of appellee. As previously stated, there is an alley 20 feet wide, extending through Block 8 from Columbia to Spencer Street. Entrance to appellant's lot for all purposes is reasonably convenient from the alley, except, perhaps, for putting coal in his basement. Clearly, therefore, appellant has no claim to an easement in the driveway by necessity.

An easement is defined as "a liberty, privilege, or advantage in land without profit, existing distinct from the ownership of the soil; and because it is a permanent interest in another's land, with a right to enter at all times and enjoy it, it must be founded upon an agreement by writing or upon prescription." *Stokes v. Maxson*, 113 Iowa 122.

Prescription is an adverse holding under color of title or claim of right. *Dugan v. Zurmuehlen*, 203 Iowa 1114. The original agreement between Pickering and Worstell at most was to the effect that the latter might use the space in controversy for putting coal in the residence she intended to erect. This is the fair inference from the testimony of all of the witnesses except Pickering on this point. The only other alleged agreement of any kind was between Pickering and Black, the effect of

which, as previously stated, was that Black, at the time the property was sold to appellant, agreed to permit him to use the driveway. That this agreement had direct reference to the right to use the same for putting coal in the basement of appellant's residence is, we think, the only reasonable inference to be drawn from the testimony. The fact that appellant, so long as James Black lived, used the driveway almost exclusively for that purpose confirms this conclusion.

Did appellant, by the foregoing testimony, establish an easement in the driveway by prescription? Mere user is not alone sufficient to establish an easement. There must be a right independent of use, and with knowledge of such claim on the part of the one against whom the easement is sought to be enforced. *Lehfeldt v. Bachmann,* 175 Iowa 202; *McBride v. Bair,* 134 Iowa 661; *Zigefoose v. Zigefoose,* 69 Iowa 391; *Young v. Ducil,* 188 Iowa 410. No independent right is shown in this case. The inference we draw from the testimony is that neither Black nor his predecessor in title ever intended to incumber the driveway with an easement in favor of appellant or his grantor. The use thereof by the respective owners is referred to by some of the witnesses as a partnership understanding. We think the use was permissive only, and that no right to an easement ever existed in favor of appellant.

A party may, as shown by cases hereinafter cited, estop himself in various ways from shutting up or denying the use to another of a private road or driveway. The facts and circumstances heretofore detailed are pleaded and relied upon by appellant as constituting an estoppel. Much emphasis at this point is given to the construction of the cement approach from the paving to the sidewalk in front of the driveway. So far as the evidence shows, this approach was voluntarily constructed by the appellant, with the full acquiescence of Black, who shared the expense equally with him. This is not necessarily inconsistent with the permissive use granted to appellee and prior owners of the driveway. In fact, it is as consistent with mere permissive use as the contrary. It is apparent that neither appellee nor her husband ever contemplated or intended that the driveway should be used for any and all purposes by appellant or anyone else. It was not

so used, but was kept up and maintained as a grass plot, and preserved in the best possible condition. Appellant never had any form of agreement with James Black, except such as may be implied from the facts and circumstances detailed.

Our attention is called to numerous cases in which the owners of adjoining lands have bound themselves by agreement to construct ditches or drains, which have been erected and maintained by them over and across their respective tracts. *Vannest v. Fleming*, 79 Iowa 638; *Brown v. Honeyfield*, 139 Iowa 414; *Arbaugh v. Alexander*, 151 Iowa 552; *Morse v. Rhinehart*, 195 Iowa 419, 420. Other cases of similar import may be cited. *Portman v. Topliff*, 138 Iowa 19, 20; *Harkness v. Burton*, 39 Iowa 101; *Karmüller v. Krotz*, 18 Iowa 352; *Lembke v. Lembke*, 196 Iowa 136; *La Plant v. Schuman*, 197 Iowa 466. These cases are not in point. The controversy in each case was between the original parties to the agreement, or those having notice thereof, so as to be bound thereby. Furthermore, expenses were incurred, and land taken for the improvement. We said in *Morse v. Rhinehart*, supra, that the right thus acquired is somewhat in the nature of an easement. Perhaps estoppel would have been a better word.

*Molene v. Tansey*, 203 Iowa 992, is much to the same effect. The facts in that case disclosed an oral agreement between the parties to erect a curb, and the erection of one by them. The controversy was between the original parties. The evidence also disclosed that there had been long acquiescence in the use of the driveway generally and for all purposes. See, also, in this connection, *La Plant v. Schuman*, supra; *Teachout v. Duffus*, 141 Iowa 466. The decisions in the last two cases rest upon a different principle,—that is, the doctrine of severance. The result arrived at in the district court, if affirmed, imposes some inconvenience upon appellant in the matter of putting coal in his basement. It seems to us, however, upon a consideration of the entire record, that whatever use appellant and his predecessors made of the driveway was purely permissive, and so understood by them. It is significant that the driveway was improved and maintained in the manner already stated. A permissive use may be revoked at pleasure. No right to an easement, either by grant, prescription, or implied necessity, is shown. The doctrine of estop-

pel cannot be applied in this case, as against the appellee. She never had any form of agreement with appellant, nor is it shown that she has ever done anything that in any way misled appellant or caused him to change his position.

II. In 1912, James Black and appellant jointly constructed a sewer in the driveway for their joint use. Appellant pleaded the facts as to the sewer, and asked that appellee be restrained from interfering with the use of the sewer by appellant, or from otherwise interfering therewith. The court did not pass upon this question. Appellee concedes all that appellant claims in regard to the sewer. We think it better that the whole question be now determined. The decree of the court below should be so modified as to grant the relief sought as to the sewer, and it is so ordered. Decree may be entered in this court, or the cause will be remanded to the court below for decree in harmony with this opinion. In all other respects, the judgment and decree will be affirmed. The costs of this action will be taxed two thirds to appellant and one third to appellee.—*Modified and affirmed.*

FAVILLE, ALBERT, MORLING, and WAGNER, JJ.; concur.