W. A. Young, Appellant, v. Carter Scott et al., Appellees.

Carter Scott et al., Cross-petitioners, Appellees, v. W. A. Young et al., Appellants.

No. 42014.

October 17, 1933.

O. M. Slaymaker and R. E. Killmar, for appellants.

A. P. Olsen and G. F. Hoffman, for appellees.

Stevens, J.—The appellants are the owners of separate tracts of land in the west one-half, and appellees of certain other adjoin-

ing tracts in the east one-half, of section 27, township 68, range 26, Decatur county. W. A. Young is the owner of the east one-half of the northwest quarter and James W. Young of the tract immediately south thereof. The land of appellees adjoins the south forty of appellant W. A. Young and the tract of appellant James W. Young lying immediately south thereof. Grand River flows in a slightly northeast direction across the south portion of the land of James W. Young and appellees.

Many years ago a ditch was constructed along the division line on the land of both appellants extending from the north line to Grand River on the south. Immediately east of the aforesaid ditch is a dike which is on the land of appellees and which was constructed at the same time as the ditch. The record goes into considerable detail as to the relative elevation of the lands of the respective parties, but, as it is conceded by appellees that their land jointly owned by them independent of the right to maintain the dike in controversy is the lower or servient estate, we need discuss only such portions of the evidence as bear upon the right of appellants to the relief sought. The right of the owner of the dominant estate to have the surface waters accumulating thereon to flow unobstructed in the usual and natural course of drainage upon the adjoining lower or servient estate has long been the settled rule in this state. Heinse v. Thorborg, 210 Iowa 435, 230 N. W. 881; Wharton v. Stevens, 84 Iowa 107, 50 N. W. 562, 15 L. R. A. 630, 35 Am. St. Rep. 296.

It is the claim of appellees that some thirty-five or forty years prior to the commencement of this action, the owners of the above-described tracts, except the land of James W. Young, orally agreed to excavate the ditch in question and to erect a dike immediately east thereof for the purpose of draining the surface waters therefrom. No prior owner of the land now owned by James W. Young was a party to the alleged oral agreement.

It is either admitted by appellants, or conclusively established by the evidence, that both the ditch and dike in question have existed in their present location for approximately forty years. The appellant W. A. Young obtained title to the tract owned by him in 1929. He had, however, resided in the vicinity all of his life and knew of the presence of both the ditch and the dike. Appellees in their answer affirmatively pleaded the alleged oral agreement between the former owners of the respective tracts and rely thereon as their principal defense to this action. The burden is, therefore,

upon them to prove such affirmative defense. Chicago & N. W. R. Co. v. Sioux City Stockyards Co., 176 Iowa 659, 158 N. W. 769; Truman v. Truman, 79 Iowa 506, 44 N. W. 721. Such proof must be by clear and satisfactory evidence. Lehfeldt v. Bachmann, 175 Iowa 202, 157 N. W. 456.

One of the contentions of appellants is that no matter by what right the dike was originally constructed it was long since abandoned by appellees' predecessors in title. Appellees introduced the testimony of one witness who claimed to have been present and heard a conversation between the former owners of the land when the alleged oral agreement was entered into by them. The parties to such agreement were deceased at the time of the trial. It further appeared upon cross-examination of a witness for appellants that such witness had a conversation with the former owner of the east one-half of the northwest quarter in which he, in effect, admitted the claimed oral contract, but declared that the arrangement had not worked successfully. The foregoing testimony was not controverted by any direct evidence. Circumstances and apparent contradictions in the testimony of the principal witness who testified to the alleged oral agreement are argued and urged by appellants. Although the evidence is not wholly satisfactory on the point, it is fairly established thereby that the partition fence between the owners of the respective tracts was erected and has since been located upon the dike. Except when the dike was occasionally washed out, which occurred many times, the evidence is conclusive that it was generally maintained in fair condition. Testimony was, however, introduced by appellant to the effect that a washout in the dike at the point where it crossed the alleged swale or water course, which formed the outlet from their premises of surface waters, was open from 1913 to 1929. This testimony is contradicted by several witnesses called by appellees who claimed that work was done thereon during practically all of the intervening years and that the washouts were then repaired.

The circumstances strongly corroborate the alleged oral agreement. The maintenance of the ditch and dikes for approximately forty years is persuasive evidence of some sort of an agreement or understanding between the respective owners of the land. The law applicable to the facts as presented is well settled in this state. We said in Brown v. Honeyfield, 139 Iowa 414, 116 N. W. 731, 732, that:

"It is well settled in this state that the permanent right of drain-

age through the land of another may be acquired where a ditch therefor has been constructed jointly by the owners under an oral agreement for its construction, and where time or money has been expended in its construction and maintenance in reliance upon such agreement. And a ditch so constructed cannot be destroyed, or the right thereto be denied or annulled without the consent of all parties to the agreement. The assent of appellant's predecessors in title to the construction of the ditch was in the nature of a license, which, having been accepted and acted upon, cannot be disregarded. Neuhring v. Schmidt, 130 Iowa 404, 106 N. W. 630; Dorr v. Simmerson, 127 Iowa 551, 103 N. W. 806; Hansen v. Farmers Co-op. Creamery, 106 Iowa 170, 76 N. W. 652; Vannest v. Fleming, 79 Iowa 644, 44 N. W. 906, 8 L. R. A. 277, 18 Am. St. Rep. 387."

See, also, Black v. Whitacre, 206 Iowa 1084, 221 N. W. 825; Salinger v. Winthouser, 200 Iowa 755, 205 N. W. 309; Morse v. Rhinehart, 195 Iowa 419, 192 N. W. 142.

The obvious purpose of the parties to the alleged oral agreement was to provide a system of drainage for their joint benefit. There is testimony in the record tending to show that, if properly maintained, the system will afford some relief from the surface waters accumulating in the vicinity. Section 27 is generally level, but the natural course of drainage, as shown by all of the testimony, is across the land of appellees somewhat to the northeast. The low place in the lands of W. A. Young and appellees is near the center of the former's eighty. The land along the river is from two and one-half to three feet higher than it is further north and, as a matter of course, when the waters in Grand River rise to a certain elevation it is backed in the ditch and floods the lands, or a considerable portion thereof, of both parties.

We deem it unnecessary to review the testimony in greater detail. While its soundness is strenuously controverted by appellant, the court is of the opinion that appellees have sustained the alleged oral agreement by the requisite proof. Testimony was introduced tending to show that the appellant W. A. Young admitted that he blew out the dike with dynamite in 1929. When called as a witness in chief, he denied the testimony of a witness for appellee, a former sheriff of Decatur county, that he admitted to him that he used the dynamite as claimed. Upon cross-examination, he wavered slightly in his testimony at this point. The explosion was heard by others living in the vicinity. No one was adversely affected by the dike,

except appellants. The evidence, much of it, is lacking in absolute consistency and there is room for some disagreement as to its true probative effect; but, when considered in connection with all of the circumstances, its sufficiency to sustain the alleged oral agreement can hardly be denied.

As previously stated, no evidence was introduced of an oral, or other, agreement affecting the tracts owned by the appellant James W. Young. The only relief to which appellee was entitled, as against this appellant, was that he be restrained from interfering with the dike. In so far as it goes further than this, it should, and will, be modified. Counsel upon neither side have given particular consideration to this part of the decree in argument. This is, no doubt, due to what would seem to be the obvious fact that if the dike in controversy is to be maintained, the ditch on the land of James W. Young must probably be kept open.

We have made no reference to other issues tendered and propositions argued by counsel. This for the reason that what has already been said necessarily disposes of the case and no useful purpose will be served by a review in detail of the testimony.

The cause will be remanded to the district court for modification of the decree in the particulars stated above. In all other respects it is affirmed.—Modified and affirmed.

ALBERT, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.