L. O. CLARK, Appellant, v. W. C. PIERCE et al., Appellees.

No. 43971.

FEBRUARY 15, 1938.

Stephens & Wisdom, for appellant.

Cross & Hamill, for appellees.

MITCHELL, J.—L. O. Clark is the owner of a certain tract of land consisting of approximately 141 acres in Jasper County. It originally consisted of a fractional quarter section but a small part was cut from the southwest corner by the Rock Island right of way and U. S. Highway No. 6 running east from Des Moines to Davenport, which cuts thru the land from the southwest to the northeast. The residence and farm buildings are located to the north of this highway. The principal portion of the land involved in this suit consists of about forty-five acres and lies to the south of the highway.

Directly south of the Clark land is a farm owned by W. C. Pierce and Hattie Pierce, and all that divides the two farms is a partition fence running east and west. The principal portion of the Pierce land affected by this suit is a triangular tract of about sixteen acres lying south of the partition fence and north of the Rock Island right of way.

This is an action brought by Clark against the Pierces, in equity, to enjoin them from interfering with the natural watercourse on their land, into which emptied water drained from Clark's farm; and for damage resulting from such interference and obstruction. To this was filed an answer and counterclaim. There was a trial to the court, which dismissed both the petition of the plaintiff and the counterclaim of the defendants. Only the plaintiff has appealed.

There is no dispute between the parties as to the law in this case.

This court in the case of Young v. Scott, 216 Iowa 1253, at page 1254, 250 N. W. 484, 485, said:

"The right of the owner of the dominant estate to have the surface waters accumulating thereon to flow unobstructed in the usual and natural course of drainage upon the adjoining lower or servient estate has long been the settled rule in this state."

The question which confronts us is one of fact, and we turn to the record to ascertain the facts.

The Clark land lies north of the Pierce land. The general slope of the land is from north to south, and there is a swale running in that general direction, which is a natural waterway. It is approximately 1,500 feet long across appellant's land and has a fall of about 17 feet in that distance. It is 766 feet long on appellee's land north of the railroad and has a fall of about 14 feet to the flow line of the railroad culvert. At the division fence there is a flat place, with very little fall.

In the fall of 1912 Clark tiled the swale on his side, and it is interesting to note the manner in which this was done. He put in three strings of tile, which ran north and south and came to the division fence at different places. The distance between the east string and the west string is approximately 30 to 40 feet, the record differing a little in regard to this. At the end of these three strings of tile Clark dug a trench about a foot wide and eighteen inches deep on his side of the partition fence,

parallel with same and running east and west. Into this ditch the three strings of tile emptied, and the water from this ditch flowed onto the Pierce land. Naturally the trench into which this tiling emptied would fill up, and as a result the tile at various times became filled and did not function properly. The appellant had the tile opened and cleaned on several occasions.

In August of 1933 Pierce claims he went to the slough in the vicinity of the tile outlet, and found someone had come onto his land and cut a ditch about eighteen to twenty inches wide and about the same depth, extending south four rods from his fence, and the dirt from the digging was piled on the sides of the ditch. Upon discovering this, Pierce put some railroad ties and fence posts into the bottom of the ditch, and it is his claim that he did not raise the surface of the ditch above the natural surface of the ground at that point. In 1934 when he went back he found that someone had come upon his land and reopened the ditch, removed the ties and posts that he had placed in it. At that time he took some very interesting photographs. Clark admitted that he had removed the ties and posts that Pierce had placed in the ditch. In the spring of 1935 the lower end of appellant's tile having again filled with mud, he constructed a box or well near the line fence, on his side, and ran all three of the strings of tile into it. Pierce again placed the posts and ties in the bottom of the ditch, and this time tacked up a sign upon which he had placed the words "no trespassing."

The real question to be determined in this case is whether there was an artificial ditch cut upon the Pierce land. If there was, then Pierce had a right to place the ties and posts in the bottom as long as it did not hold water back on the appellant's land any more than it was held back before the ditch was dug. The flow of the water from the Clark land was downward, across the Pierce land. It is unfortunate that these two neighbors, divided only by a partition fence, should have this dispute, which has caused them both expense in addition no doubt to an unfriendly feeling between them. There is some dispute in the evidence and no good would be accomplished by reviewing the testimony of the many witnesses offered on both sides. We are convinced that the lower court reached the right conclusion. The method of the tiling that Clark put in shows that at that time there could not have been a ditch across the Pierce land, for if there had been one all he would have needed to do to

keep the tile from filling up, as it was bound to do because of the manner in which it was constructed, was to put in two short connecting branches. The photographs introduced in evidence show that the ditch must have been artificially constructed. Finally, the record shows that the ties which were placed in the bottom of the ditch did not in any way hold back the natural waterflow from the Clark land.

It follows that the lower court was right, and judgment and decree must be, and it hereby is, affirmed.

STIGER, C. J., and ANDERSON, KINTZINGER, DONEGAN, HAMILTON, RICHARDS, and SAGER, JJ., concur.